Michael Massengale, Justice
This is an appeal from a summary judgment rendered in favor of PXP Aircraft, LLC, a commercial aircraft owner that unsuccessfully protested an ad valorem tax penalty. The penalty was imposed pursuant to Tax Code section 21.10 for a late-filed application to allocate the portion of the aircraft's fair market value that fairly reflected use in Texas. On judicial review and cross-motions for summary judgment, the trial court ruled that the Harris County Appraisal District imposed the penalty in error. The appraisal district challenges jurisdiction over the petition for judicial review and argues that the trial court erred by granting summary judgment in favor of the taxpayer and by failing to grant its cross-motion for summary judgment.
We overrule the jurisdictional challenge but reverse the summary judgment and remand for further proceedings.
Background
PXP Aircraft, LLC owns several commercial aircraft that it leases to commercial air carriers. In January 2015, the Harris County Appraisal District sent a letter to PXP Aircraft about procedures to "render" the aircraft for appraisal. For these purposes, "rendition" is the reporting of taxable property by its owner to the appraiser.[1] The appraisal district's stated "purpose" in sending the letter was to make PXP Aircraft "aware of rendition requirements." The letter advised that the deadline for filing the rendition statement was April 15, 2015, and that in some cases the application could be filed electronically using the appraisal district's "iFileTM system."
The appraisal district's letter did not explicitly address the separate statutory requirements for requesting an "allocation" of the market value of the aircraft among the several jurisdictions-inside and outside Texas-in which the aircraft were used. For these purposes, "allocation" is a determination of the ratio of usage of personal property within distinct geographic areas when the property has been used in more than one geographic area.[2] If a commercial aircraft is used both *260 inside and outside Texas, the owner may apply to the chief appraiser in the appraisal district for an allocation of the portion of the aircraft's overall usage that is attributable to Texas, and taxes are collected only for the allocable portion of the aircraft's fair market value that fairly reflects its use in Texas.[3] While the January 2015 letter did not specifically address the procedure to request an extension to file the allocation application, it did state that the "iFileTM system is available to request extensions for all types of personal property accounts."
Before Tax Code sections 21.09 and 21.10 became effective on June 14, 2013,[4] there was no statutory deadline for the allocation application. At the times relevant to this dispute, completed allocation application forms were due to be filed by May 1 every year.[5] The chief appraiser was authorized to extend the allocation application deadline by written order for up to 60 days upon good cause shown.[6] In contrast, renditions were due by April 15,[7] one extension of the rendition-statement deadline to May 15 would be granted automatically on request, and an additional extension of 15 days was available "upon good cause shown in writing by the property owner."[8]
The chief appraiser shall accept and approve or deny an application for an allocation, even after the deadline for filing the application has passed, if the application is filed before the date the appraisal review board approves the appraisal records.[9] When a late-filed allocation application is accepted and approved by the chief appraiser, the property owner is subject to a penalty.[10] The Tax Code does not provide grounds for waiver of the penalty for a late-filed allocation application.[11]
PXP Aircraft electronically requested and received an automatic 30-day extension, to May 15, 2015, to complete its rendition filing for the aircraft.[12] This request was acknowledged by the appraisal district in a document titled "Request for Extension to May 15 for Filing 2015 Rendition." The acknowledgement stated: "Your rendition extension request has been submitted." The document further stated: "The automatic 30-day extension of the deadline for filing a rendition on the property ... has been granted." It explained the procedure for obtaining "an additional 15 day extension based on good cause": "you must have filed a timely request for the *261 May 15 extension" and "[y]ou must explain your reason for your good cause request."[13] The document made no express reference to granting an extension to file the allocation application.
PXP Aircraft subsequently filed its rendition paperwork along with its allocation application form on May 14, 2015. Later that year, the appraisal district sent PXP Aircraft its 2015 Property Tax Statement for the aircraft. In addition to $12,800 in property taxes owed, the appraisal district assessed a penalty of $102,000. The statement noted that an "Allocation Penalty Exists."
PXP Aircraft asked the appraisal district to waive the penalty, paid the undisputed amount of the tax, and initiated a tax protest. In its notice of protest, PXP Aircraft challenged the penalty and asserted that it "should be waived/voided." PXP Aircraft also completed the appraisal district's penalty waiver request form. Of two choices reflected on the form-"Rendition Penalty" or "Additional Information Request Penalty"-PXP Aircraft marked a box indicating that the "waiver type" being requested was "Rendition Penalty."
PXP Aircraft sought review of the penalty before the appraisal review board. The review board conducted a hearing but denied PXP Aircraft the opportunity to present evidence or testimony. The review board ultimately upheld the penalty.
PXP Aircraft petitioned in Harris County district court for judicial review. The appraisal district filed a plea to the jurisdiction, and the parties later filed cross-motions for summary judgment with respect to the imposition of the penalty. PXP Aircraft sought a summary judgment to remove the penalty, arguing that its allocation application form was filed by the extended rendition deadline, and it had followed the appraisal district's procedures for allocation filings. The appraisal district argued that PXP Aircraft failed to appreciate the distinction between the Tax Code's separate allocation and rendition provisions and that the acceptance and approval of the late-filed allocation application required the imposition of an allocation penalty.
The trial court granted summary judgment to PXP Aircraft, denied the appraisal district's motion, and did not expressly rule on the jurisdictional plea. In its summary-judgment order, the court stated that PXP Aircraft "timely and properly rendered the Aircraft," that the penalty "was assessed in error," that the appraisal district "failed to remove and/or waive the penalty and interest once PXP Aircraft provided evidence that the property was timely and properly rendered," and that PXP Aircraft "is entitled to a waiver of the penalty and interest erroneously assessed."
Analysis
I. Plea to the jurisdiction
The appraisal district contends that the trial court lacked jurisdiction over this dispute. It argues that PXP Aircraft failed to exhaust administrative remedies, was not excused from the exhaustion requirement, and sought relief not authorized by the Tax Code. We review a ruling on a plea to the jurisdiction de novo.[14]
A. Exhaustion of administrative remedies *262 The administrative procedures established by the Tax Code are "exclusive of a taxpayer's other remedies," so "a taxpayer must first exhaust all administrative remedies before seeking judicial review of a taxing authority's decisions."[15] "The taxpayer's failure to comply with the Code requirements ... deprives the reviewing district court of jurisdiction over the taxpayer's appeal."[16]
Chapter 42 of the Tax Code governs petitions for judicial review of determinations made by an appraisal review board. Among other grounds for seeking judicial review, a property owner is entitled to appeal an order of the appraisal review board determining a taxpayer protest as provided by Subchapter C of Chapter 41.[17] A petition for judicial review of an appraisal review board's final order must be filed within 60 days after the party received notice of the review board's order.[18] Compliance with the statute is a jurisdictional prerequisite.[19]
The appraisal district contends that PXP Aircraft failed to exhaust administrative remedies because it did not challenge the imposition of an allocation penalty; it only challenged a non-existent rendition penalty. This position hinges on the appraisal district's contention that a "protest on one ground of protest is not sufficient to protest or exhaust administrative remedies on a separate ground." Consequently, the appraisal district argues that the trial court lacked jurisdiction over the challenge to the allocation penalty.
PXP Aircraft expressly identified "unwarranted penalty" as the basis for its tax protest. It asserted: "Penalty assessed should be waived/voided." The relief sought was removal of the penalty. The appraisal district faults PXP Aircraft for describing the penalty as a "rendition" penalty. But PXP Aircraft's protest submission on the appraisal district's own form communicated the essential substance of the basis for the protest-a challenge to the only penalty imposed as noted in the property-tax statement.
The authorities relied upon by the appraisal district do not compel a conclusion that a taxpayer's imprecision in identifying the precise nature of a challenged penalty has the effect of rendering the protest entirely ineffective to raise a general challenge to the imposition of a tax penalty. Harris County Appraisal District v. ETC Marketing, Ltd.[20] is distinguishable for two reasons. The court in that case held that the district court lacked jurisdiction over a petition for judicial review that argued that the taxation of natural gas was an unconstitutional burden on interstate commerce.[21] The protest before the review board, however, "was limited to value issues and ownership issues" and "was unrelated to the constitutional issue" it raised in the district court.[22] In contrast, PXP Aircraft's protest and petition for review *263 have always challenged the imposition of a tax penalty. Also, the taxpayer in ETC Marketing did not dispute that it failed to raise its constitutional issue at the hearing before the review board.[23] In this case, however, PXP Aircraft contends that it was denied the opportunity to present any evidence at all before the review board.
The other case relied upon by the appraisal district, Midland Central Appraisal District v. Plains Marketing, L.P. ,[24] also lends no support. The court in that case affirmed a ruling that the taxpayer had exhausted administrative remedies.[25] It noted the rule that a protest on one ground before the review board does not support a protest on a different ground before the district court,[26] but the court further noted that the review board discussed and denied the taxpayer's exemption claim after the appraisal district's representative summarized that claim during the review-board hearing.[27] In contrast, in this case the appraisal district does not explain why PXP Aircraft's misidentification of the particular type of penalty, when there was only one tax penalty imposed, should be treated as a complete failure to challenge the allocation penalty. The review board in Plains Marketing heard and rejected the exemption claim. The review board in this dispute heard and rejected a challenge to the only penalty imposed, without giving PXP Aircraft the opportunity to present evidence.
The appraisal district has not identified any exhaustion requirement that PXP Aircraft failed to satisfy. We reject the argument that PXP Aircraft failed to exhaust administrative remedies. We therefore need not address the appraisal district's separate argument that PXP Aircraft was not excused from exhausting administrative remedies.[28]
B. Request for relief not authorized by Tax Code
The appraisal district also contends that the trial court lacked jurisdiction because PXP Aircraft sought relief not authorized by the Tax Code. It argues that because Section 21.10 triggers the penalty for any late-filed allocation application that is accepted and approved, it had no choice but to impose the penalty, and there are no grounds upon which the district court could order it to waive the penalty. It characterizes the penalty as "automatic," and it argues that the only issue to be determined in PXP Aircraft's protest was whether its allocation application was filed late and accepted and approved.
The appraisal district does not present any argument that PXP Aircraft failed to satisfy the statutory requirements to present a petition for judicial review of the denial of its tax protest.[29] PXP Aircraft challenged the review board's determination upholding the penalty regarding the aircraft and timely filed its petition for review, in compliance with those statutes. Therefore, its petition met the statutory jurisdictional requirements.
At oral argument, the appraisal district suggested that Cameron Appraisal District v. Rourk[30] supports its argument that the trial court lacked jurisdiction over the *264 dispute because the Tax Code imposes a mandatory penalty for a late allocation application and does not provide for waiver of the penalty. We do not read Rourk that way. That case stands for the proposition that "a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes."[31] It does not stand for a broader proposition that judicial review is unavailable on the merits of an ad valorem tax dispute when the taxpayer seeks a remedy that the appraisal district contends the Tax Code does not authorize.
The appraisal district's argument is a defense of the judgment on the merits; it does not follow that the trial court lacked jurisdiction to exercise judicial review to consider the parties' competing arguments. We overrule the appraisal district's jurisdictional challenge.
II. Penalty for late filing of allocation application
The appraisal district contends that the trial court erred by granting PXP Aircraft a summary judgment on the merits of the imposition of the penalty, and by declining to grant a summary judgment in its favor. The parties filed cross-motions for summary judgment, contesting the proper application of the Tax Code. They dispute underlying material facts giving rise to the imposition of a penalty: the appraisal district denies that PXP Aircraft requested or received an extension of the allocation application deadline, while PXP Aircraft contends that it both requested and received the extension. "When both parties move for summary judgment and the trial court grants one motion and denies the other, we review all the summary judgment evidence, determine all issues presented, and render the judgment the trial court should have."[32] Applying provisions of the Tax Code is a question of law, which we review de novo.[33]
The appraisal district contends that PXP Aircraft's arguments do not support summary judgment eliminating the penalty for a late-filed allocation application. PXP Aircraft's arguments in the trial court and on appeal are based on its characterization of the appraisal district's rendition procedures. It argues that in 2015, "the only mechanism provided" by the appraisal district "to apply for an allocation, or an extension of the deadline thereof" was the procedure described in the January 2015 letter it received about rendition requirements. PXP Aircraft thus claims to have complied with the appraisal district's procedures and deadlines, and its allocation application was not late. The appraisal district factually disputes the effect of the rendition paperwork filed by PXP Aircraft, contending that no allocation application extension was requested or granted, resulting in the imposition of a penalty for a late-filed allocation application.
PXP Aircraft also argued in the trial court, and argues on appeal, that the appraisal district failed to comply with a statutory requirement that it send notice of the penalty,[34] and that the penalty, even if warranted, was improperly calculated.
*265 The ad valorem tax applicable to commercial aircraft is governed by Chapter 21 of the Tax Code. If a commercial aircraft is used both in and outside Texas, the appraisal district "shall allocate to this state the portion of the fair market value of the aircraft that fairly reflects its use in this state."[35] "Allocation" is a determination of the ratio of usage of personal property within distinct geographic areas when the property has been used in more than one geographic area.[36] Allocation affects the calculation of the tax.[37]
Under a statute that became effective in 2013,[38] to receive an allocation the property owner must apply for it by filing an "allocation application form."[39] The Comptroller of Public Accounts "shall prescribe the contents of the allocation application form...."[40] In 2015, the completed allocation application form was due "before May 1."[41] A property owner could request an extension to the May 1 deadline for "good cause shown," in which case the statute provided that the chief appraiser "shall extend the deadline for filing an allocation application form by written order for a period not to exceed 60 days."[42] When the appraisal district accepts and approves a late-filed allocation application, "the property owner is liable ... for a penalty in an amount equal to 10 percent of the difference between the amount of tax imposed by the taxing unit on the property without the allocation and the amount of tax imposed on the property with the allocation."[43]
Determination of the tax also requires that a property owner "render" certain property, like the aircraft at issue in this appeal.[44] In contrast to the provisions in Chapter 21 governing allocation of taxable property, rendition is governed by Chapter 22. "Rendition" is an owner's report of taxable property to the appraiser.[45] Generally, "[r]endition statements and property reports must be delivered ... not later than April 15...."[46] A property owner is entitled to a 15-day extension of the rendition deadline on written request and also may be granted "an additional 15 days upon good cause shown in writing."[47] A property owner filing its rendition paperwork "shall use a form that substantially complies with the appropriate form prescribed or approved by the comptroller."[48]
*266 A late-filed rendition triggers a penalty "in an amount equal to 10 percent of the total amount of taxes imposed on the property for that year by taxing units participating in the appraisal district."[49] The penalty may be waived "if the chief appraiser determines that the person exercised reasonable diligence to comply with or has substantially complied with the requirements of" Chapter 22.[50]
The appraisal district contends that the trial court erroneously granted PXP Aircraft a summary judgment based only on rendition-related arguments when the penalty imposed was instead a penalty for a late-filed allocation application. In its summary-judgment order, the trial court declared that PXP Aircraft "timely and properly rendered the Aircraft," that the penalty "was assessed in error," that the appraisal district "failed to remove and/or waive the penalty and interest once PXP Aircraft provided evidence that the property was timely and properly rendered," and that PXP Aircraft "is entitled to a waiver of the penalty and interest erroneously assessed."
The penalty for a late-filed allocation application is distinct from a penalty for a late-filed rendition statement. Allocation and rendition are distinct requirements governed by separate statutes, involving different deadlines and extension procedures, and potentially leading to different penalties if filed late.[51] A property owner may challenge a penalty for a late-filed rendition by showing reasonable diligence to comply with, or substantial compliance with, the statutory rendition procedures.[52] But the Tax Code provides no analogous grounds to challenge a penalty for a late-filed allocation application.[53]
PXP Aircraft contends that it followed the appraisal district's procedures for submitting its paperwork, and therefore it should not have been assessed a penalty. It relies on the January 2015 letter from the appraisal district, which directed PXP Aircraft to render its aircraft and identified the rendition requirements for the 2015 tax year. The letter's stated "purpose" was to make PXP Aircraft "aware of rendition requirements." The letter advised that the deadline for filing the rendition statement was Wednesday, April 15, 2015. But the letter did not address the separate statutory requirements to apply for allocation.
PXP Aircraft relies upon a notice from the appraisal district's filing system that showed that its request for the automatic extension of the rendition deadline was granted. That document was titled "Request for Extension to May 15 for Filing 2015 Rendition," and it said "[t]he automatic 30-day extension of the deadline for filing a rendition on the property ... has been granted." It advised PXP Aircraft of the possibility of a further 15-day extension "based on good cause" demonstrated in writing. The document referred only to rendition, doing so in several places. But it nowhere mentioned allocation.
PXP Aircraft also asserts that by filing its allocation and rendition paperwork together in 2015, it followed the appraisal district's years-long practice of accepting both sets of paperwork filed together. But this assertion was not supported by *267 summary-judgment evidence.[54] Even assuming that the appraisal district did have a history of accepting information supporting both allocation and rendition in a single filing, that would not compel a conclusion that an extension of the rendition deadline implied an extension of the allocation deadline, particularly after the Legislature passed a new statute specifically establishing a new and different allocation deadline. Regardless of the appraisal district's past practice, Sections 21.09 and 21.10, which became effective in 2013, provided a May 1 (now April 1) deadline to apply for an allocation and imposed a penalty for a late-filed application that was accepted and approved. Before enactment of this statute, Chapter 21 had no allocation application deadline. Thus the enactment of the new deadline materially changed the procedure for a taxpayer to apply for allocation.
Relatedly, PXP Aircraft relies on portions of the Comptroller's regulations to argue that "interstate allocation is inextricably intertwined with rendition." It notes that the regulations require property owners to provide sufficient allocation-related information in a rendition filing.[55] And it complains that the appraisal district failed to retain the allocation information required by the Comptroller's regulations.[56] But none of these regulations address, *268 much less purport to alter, Section 21.09(b) 's allocation application deadline and provision for an extension only for good cause or Section 21.10(b) 's imposition of a penalty for a late-filed allocation application that is accepted and approved by the taxing authority. Moreover, the Tax Code specifically provides that a property owner need not file its rendition to qualify for an allocation.[57]
Several other factors undercut PXP Aircraft's argument that it actually did request an extension for its allocation application, and that the appraisal district actually did grant it, so that the application was not late and no penalty was warranted. First , unlike the provision for initially extending the rendition deadline,[58] the extension for the allocation application deadline was not automatic-PXP Aircraft had to demonstrate "good cause shown."[59] Second , in the circumstance when a showing of good cause was necessary to justify a rendition deadline extension beyond May 15, the appraisal district's notice specified that a separate "written request" would be necessary to "explain your reason for your good cause request." If a separate written request was required to establish good cause when it was necessary to extend the rendition deadline, it would stand to reason that a written request likewise would be necessary to establish good cause to extend the allocation application deadline. Third , unlike the provision for initially extending the rendition deadline,[60] an extension for the allocation application deadline does not result in a new deadline fixed by statute-under the statute applicable in 2015, it could have been for any "period not to exceed 60 days."[61] Fourth , unlike the provision for initially extending the rendition deadline, an extension for the allocation application deadline must be done "by written order,"[62] which is sensible since the length of the extension must be communicated somehow. Fifth , and finally, PXP Aircraft has provided no convincing argument why the appraisal district's rendition procedures would trump the allocation application deadlines specified by the Tax Code. While PXP Aircraft contends that it "properly followed the only mechanism provided by HCAD in 2015 to apply for an allocation, or an extension of the deadline thereof," it provides no argument why it was constrained to operate through a "mechanism provided by HCAD" and could not simply comply with the statute by submitting a timely request. We therefore conclude that the record does not demonstrate that the appraisal district granted an extension to the allocation deadline for good cause, and it does demonstrate that the appraisal district accepted and approved a late-filed allocation application.
Finally, PXP Aircraft complains about the appraisal district's failure to "deliver *269 a written notice of imposition of the penalty, explaining the reason for its imposition."[63] This failure by the appraisal district appears to have contributed to PXP Aircraft's initial misunderstanding about the basis for the penalty. Yet PXP Aircraft does not explain why or provide any authority to suggest that the remedy for failure to send the notice would be removal of the penalty. Assuming without deciding that the appraisal district violated Section 21.10(c) by failing to deliver written notice explaining the reason for the penalty's imposition, that circumstance has no relevance to the protest in light of the facts that the Tax Code contains no statutory provisions for the waiver of an allocation penalty, and PXP Aircraft has not demonstrated any prejudice resulting from the lack of a written explanation for an allocation penalty that applies in only one circumstance: a late application.[64]
In sum, PXP Aircraft provides no legal argument to explain why it was not responsible for complying with the statutory deadline, which directly affected the taxation of its business, or why it was entitled to rely on the appraisal district to explain how the law applied. Its various arguments and explanations therefore do not overcome the statutory text governing the procedure to apply for allocation.
III. Waiver of allocation penalty
Despite the absence of statutory authority, PXP Aircraft contends that it was entitled to a waiver of the allocation penalty. It reiterates that it provided the appraisal district with all the necessary information for assessing the allocation application and rendition in its joint filing. It made its joint filing in response to the appraisal district's January 2015 letter, and it notes that the appraisal district "provided no other requirements or guidance with respect to rendition or seeking allocation of value for commercial aircraft" beyond the letter. PXP Aircraft also reiterates that the appraisal district failed "to produce or disclose the information necessary to confirm whether the penalty assessed was calculated properly," without explaining why the consequence of such a failure would be a compelled waiver of penalty.
As previously noted, the statute does not provide any grounds on which a waiver could be granted, in contrast with the rendition statute's express provision of grounds for a waiver.[65]
The record demonstrates PXP Aircraft did not file an allocation application by May 1, and it did not request or receive a Section 21.09(b) good-cause extension. Because the appraisal district accepted and approved the late-filed allocation application, PXP Aircraft was properly assessed the penalty.
IV. Issues remaining upon remand
PXP Aircraft contends that the allocation penalty was calculated incorrectly. The appraisal district responds that that issue was not part of the summary judgment briefing and therefore is not properly before us. The allocation penalty is the subject of PXP Aircraft's protest and its subsequent suit for judicial review. We have concluded that the trial court *270 erred by granting summary judgment to entirely eliminate the allocation penalty, but the record before us does not provide the information necessary to assess arguments concerning whether the penalty was calculated properly under Chapter 21. Therefore we remand the case to the trial court for further proceedings consistent with this opinion.[66]
Conclusion
Tax Code Sections 21.09 and 21.10 require that an allocation penalty be imposed upon the appraisal district's acceptance and approval of a late-filed allocation application. The summary-judgment evidence established that there was no Section 21.09(b) good-cause extension of time in this case. The relevant statutes do not provide grounds for a waiver of the penalty.
We therefore reverse the summary judgment in PXP Aircraft's favor and remand to the trial court for further proceedings consistent with this opinion. Because we reverse the summary judgment in full, we need not reach the appraisal district's remaining issue concerning the grant of declaratory relief in the summary-judgment order after PXP Aircraft had nonsuited its declaratory-judgment claims.

See Tex. Tax Code §§ 22.01, 22.07, 22.23 -.24; Harris Cty. Appraisal Dist. v. Tex. Gas Transmission Corp. , 105 S.W.3d 88, 91 n.1 (Tex. App.-Houston [1st Dist.] 2003, pet. denied) (en banc).

See Tex. Tax Code §§ 21.03 -.031, 21.05; Tex. Gas Transmission , 105 S.W.3d at 91 n.3.

See Tex. Tax Code § 21.05(a) -(b).

Act of May 24, 2013, 83rd Leg., R.S., ch. 1259, §§ 10, 38(a), 2013 Tex. Gen. Laws 3182, 3187, 3194 (amended 2017) (codified at Tex. Tax Code §§ 21.09 -.10).

See Act of May 24, 2013, 83rd Leg., R.S., ch. 1259, §§ 10, 38(a), 2013 Tex. Gen. Laws 3182, 3187, 3194 (amended 2017) (current version at Tex. Tax Code § 21.09(b) ). This requirement has since been amended to change the deadline to April 1. See Act of May 19, 2017, 85th Leg., R.S., ch. 357, § 2, 2017 Tex. Gen. Laws 1012, 1012-13.

See Act of May 24, 2013, 83rd Leg., R.S., ch. 1259, §§ 10, 38(a), 2013 Tex. Gen. Laws 3182, 3187, 3194 (amended 2017) (current version at Tex. Tax Code § 21.09(b) ). This requirement has since been amended to permit a maximum extension of 30 days. See Act of May 19, 2017, 85th Leg., R.S., ch. 357, § 2, 2017 Tex. Gen. Laws 1012, 1012-13.

Tex. Tax Code § 22.23(a).

Id. § 22.23(b).

Id. § 21.10(a).

Id. § 21.10(b).

See id. §§ 21.01-.10.

See id. § 22.23(b) ("On written request by the property owner, the chief appraiser shall extend a deadline for filing a rendition statement or property report to May 15.").

See id. ("The chief appraiser may further extend the deadline an additional 15 days upon good cause shown in writing by the property owner.").

Harris Cty. Appraisal Dist. v. Houston 8th Wonder Prop., L.P. , 395 S.W.3d 245, 249 (Tex. App.-Houston [1st Dist.] 2012, pet. denied).

Id. at 250 n.1 (quoting ABT Galveston Ltd. P'ship v. Galveston Cent. Appraisal Dist. , 137 S.W.3d 146, 152 (Tex. App.-Houston [1st Dist.] 2004, no pet.) ).

Id. (quoting ABT Galveston , 137 S.W.3d at 152 ).

Tex. Tax Code § 42.01(a)(1)(A).

See id. § 42.21(a).

Appraisal Review Bd. v. Int'l Church of the Foursquare Gospel , 719 S.W.2d 160, 160 (Tex. 1986) (per curiam); Storguard Invs., LLC v. Harris Cty. Appraisal Dist. , 369 S.W.3d 605, 614-15 (Tex. App.-Houston [1st Dist.] 2012, no pet.).

399 S.W.3d 364 (Tex. App.-Houston [14th Dist.] 2013, pet. denied).

Id. at 372.

Id. at 369.

Id.

202 S.W.3d 469 (Tex. App.-Eastland 2006, pet. denied).

Id. at 477.

Id. at 475.

Id. at 470-71, 477.

See Tex. R. App. P. 47.1.

See Tex. Tax Code §§ 42.01(a)(1)(A), 42.21(a).

194 S.W.3d 501 (Tex. 2006) (per curiam).

Id. at 502.

Merriman v. XTO Energy, Inc. , 407 S.W.3d 244, 248 (Tex. 2013).

Bosque Disposal Sys., LLC v. Parker Cty. Appraisal Dist. , 555 S.W.3d 92, 94 (Tex. 2018).

See Tex. Tax Code § 21.10(c) ("The chief appraiser shall make an entry on the appraisal records for the property indicating the property owner's liability for the penalty and shall deliver a written notice of imposition of the penalty, explaining the reason for its imposition, to the property owner.").

Id. § 21.05(a).

See id. §§ 21.03 -.031, 21.05; Tex. Gas Transmission , 105 S.W.3d at 91 n.3.

See Tex. Tax Code § 21.05(b).

Act of May 24, 2013, 83rd Leg., R.S., ch. 1259, §§ 10, 38(a), 2013 Tex. Gen. Laws 3182, 3187, 3194 (amended 2017) (codified at Tex. Tax Code §§ 21.09 -.10).

Tex. Tax Code § 21.09(a).

Id. § 21.09(c) ; see also Tex. Comptroller of Public Accounts , Application for Allocation of Value: Personal Property Used in Interstate Commerce , Commercial Aircraft , Business Aircraft , Motor Vehicle(s) or Rolling Stock Not Owned or Leased by a Railroad , https://comptroller.texas.gov/forms/50-147.pdf (last visited Nov. 14, 2018).

See Act of May 24, 2013, 83rd Leg., R.S., ch. 1259, §§ 10, 38(a), 2013 Tex. Gen. Laws 3182, 3187, 3194 (amended 2017) (current version at Tex. Tax Code § 21.09(b) ).

Id.

Tex. Tax Code § 21.10(b).

See id. § 22.01(a).

Tex. Gas Transmission , 105 S.W.3d at 91 n.1.

Tex. Tax Code § 22.23(a).

Id. § 22.23(b).

Id. § 22.24(a).

Id. § 22.28(a).

Id. § 22.30(a).

Compare id. §§ 21.01-.10, with id. §§ 22.01-.41.

See id. § 22.30(a).

See id. § 21.10(a)-(d).

The closest the evidence identified by PXP Aircraft's citations to the record came to supporting this assertion was an affidavit stating that "PXP's 2015 rendition is in exactly the same form as its renditions in prior and subsequent years in which no penalty was assessed, submitted on forms published by HCAD and by the Texas Comptroller." While PXP Aircraft's affiant may have intended to suggest an inference that the company's "renditions in prior and subsequent years" included simultaneously filed allocation applications that resulted in no penalty, the affidavit does not actually say that. Moreover, since the statute establishing an allocation application deadline only took effect on June 14, 2013, the only relevant prior year would have been 2014. The affidavit only says that PXP Aircraft filed "in exactly the same form ... in prior and subsequent years." Without identifying when the 2014 rendition was filed, it does not establish whether it was after the May 1, 2014 allocation application deadline so as to trigger the penalty for late filing.

34 Tex. Admin. Code § 9.4033(e) (Tex. Comptroller of Public Accounts, Allocation of Value) states:
A property owner who is entitled to an allocation of property must file a rendition form that provides enough information necessary to prove the entitlement to allocation and permit the chief appraiser to apply an allocation formula appropriate to the subject property. An appraisal district shall use the comptroller-prescribed, model form Rendition of Property Qualified for Allocation of Value or a form containing information which is in substantial compliance with the model form if approved by the comptroller. Each form shall require the property owner to identify the property that is the subject of the rendition and provide information measuring the use of the property within Texas and within other states or nations. The form must permit the property owner to state an opinion of the total market value of the property and the amount of value that should be allocated to each taxing unit in which the property has situs.

34 Tex. Admin. Code § 9.4033(g) (Tex. Comptroller of Public Accounts, Allocation of Value) states:
If the appraisal office allocates the value of property in a given year:
(1) the chief appraiser shall note on the property's appraisal record for the year:
(A) that the allocation has been granted;
(B) the market value of the property;
(C) the allocation formula factor; and
(D) the appraised value of the property after allocation.
(2) the chief appraiser shall retain a record of the allocation for three years after it is granted, including:
(A) the rendition form requesting allocation;
(B) supporting documents filed by the property owner; and
(C) the formula chosen and calculations used in making the allocations.

Tex. Tax Code § 21.09(e) ("The filing of a rendition under Chapter 22 is not a condition of qualification for an allocation.").

See id. § 22.23(b) ("On written request by the property owner, the chief appraiser shall extend a deadline for filing a rendition statement...." (emphases supplied) ).

See id. § 21.09(b) ("For good cause shown , the chief appraiser shall extend the deadline for filing an allocation application form...." (emphasis supplied) ).

See id. § 22.23(b) ("On written request ... the chief appraiser shall extend a deadline for filing a rendition statement ... to May 15. " (emphasis supplied) ).

See Act of May 24, 2013, 83rd Leg., R.S., ch. 1259, §§ 10, 38(a), 2013 Tex. Gen. Laws 3182, 3187, 3194 (amended 2017) (current version at Tex. Tax Code § 21.09(b) ).

Tex. Tax Code § 21.09(b).

See id. § 21.10(c) ("The chief appraiser shall make an entry on the appraisal records for the property indicating the property owner's liability for the penalty and shall deliver a written notice of imposition of the penalty, explaining the reason for its imposition, to the property owner.").

See id. § 21.10(b).

Compare id. §§ 21.09-.10, with id. § 22.30.

See Tex. R. App. P. 43.3(a) ; City of Bellaire v. Sewell , 426 S.W.3d 116, 122 & n.4 (Tex. App.-Houston [1st Dist.] 2012, no pet.).