**Opinion issued December 10, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00839-CV**

———————————

**HARRIS CENTRAL APPRAISAL DISTRICT F/K/A HARRIS COUNTY APPRAISAL DISTRICT, Appellant**

**V.**

**HOUSTON PIPE LINE CO LP, Appellee**

On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Case No. 2023-05899

## O P I N I O N

In this accelerated interlocutory appeal arising out of an ad valorem tax dispute, Harris Central Appraisal District, formerly known as Harris County Appraisal District, challenges the trial court's order denying its jurisdictional plea.

We affirm.

# BACKGROUND

Houston Pipe Line Co LP filed suit against Harris Central Appraisal District in a Harris County district court on January 30, 2023, appealing from an appraisal review board's 2022 valuation of its stored natural gas for ad valorem tax purposes. Among other things, Houston Pipe Line Co alleged that it did not receive timely notice from the board of the August 29, 2022 appraisal order it sought to appeal.

Harris Central Appraisal District filed a plea to the jurisdiction. In its plea, the District asserted that Houston Pipe Line Co failed to appeal from the appraisal review board's order within 60 days as required by statute. Because this statutory deadline is jurisdictional, the District argued that the appeal had to be dismissed.

In support of its jurisdictional plea, the District filed the declaration of Varmika Johnson, the manager assigned to the operations division of the appraisal review board. Johnson declared that the board issued its appraisal order on August 29, 2022, and sent a copy to Houston Pipe Line Co's designated representative that same day via certified mail. Johnson further declared that the United States Postal Service's online tracking system showed the copy was delivered as addressed.

Johnson attached several documents to her declaration, which she declared were filed, kept, or created by the District as required by law. In addition, Johnson declared that these documents satisfied the requisites of the business records exception to the rule of evidence that otherwise renders hearsay inadmissible.

2

Included among the documents attached to Johnson's declaration were: the August 29, 2022 appraisal board order; a log created by the District and dated August 20, 2022, that documents the certified mailings made by the District, including the mailing of the written order in question; and a screenshot from the United States Postal Service's website tracking the mailing and delivery of the written order.

Houston Pipe Line Co filed a response in which it disputed that it contemporaneously received the August 29, 2022 order. The company maintained that in response to its suit in the district court, which initially named both the District and the appraisal review board as defendants, the company and the board entered into a settlement, under which the board resent the appraisal order at issue. Houston Pipe Line Co argued that its appeal was filed timely relative to when it actually received the resent order, thereby satisfying the statute's jurisdictional deadline.

In support of its position, Houston Pipe Line Co submitted the declaration of Kyle Fisher, the corporate representative of KE Andrews, which is the tax-consulting firm that Houston Pipe Line Co designated as its agent in tax disputes.

Fisher declared that KE Andrews uses a "comprehensive, sophisticated, automated and audited system" regarding its clients' tax disputes. This system is designed to ensure "the proper receipt, processing and handling of mail." According to Fisher, in the firm's 45-year history, there has not been a single documented case in which the firm "failed to properly and timely handle a tax-related notice."

3

Fisher further declared that KE Andrews "did not receive the ARB's order" at issue. After discovering that it had not received the order, the firm notified Houston Pipe Line Co, which appealed from the appraisal review board order in the Harris County district court and contested receipt of the order as part of its appeal. As a result, the appraisal review board resent its order on March 20, 2023.

Fisher opined that the firm "can say with certainty" that it did not receive the order before it was resent due to "the way our system works and is audited." He explained that certified mailings "are logged into a tracking spreadsheet as they are delivered by the post office to our receptionist" and then "scanned into our document repository system" while the original copies are distributed to the relevant manager. Fisher concluded the firm did not receive the order because the firm does not have an entry in its tracking spreadsheet noting receipt of the order, there is no scan of the order in the document repository, and the relevant manager did not receive a copy.

Finally, Houston Pipe Line Co also objected to the District's inclusion of the screenshot from the United States Postal Service's website. The company argued that this document was not properly authenticated and constituted hearsay.

Harris Central Appraisal District replied in support of its jurisdictional plea. In its reply, the District noted that under the settlement between the appraisal review board and Houston Pipe Line Co, the board merely agreed to resend the same order it had previously sent without changing its date (August 29, 2022). Thus, the District

argued, resending it did not restart the statutory deadline to appeal. In addition, the District objected to Fisher's declaration on the grounds that it was "not based on personal knowledge, is conclusory, and contains hearsay" in various respects.

As an attachment to its reply, the District included a copy of the Rule 11 settlement agreement between the appraisal review board and Houston Pipe Line Co. The agreement provided that the board would send its August 29, 2022 written order to the company, and that the company would then nonsuit the board. Consistent with their agreement, the board sent the written order to the company on March 20, 2023, and the company then nonsuited its claim against the board.

The trial court held a hearing on the parties' competing jurisdictional positions. It adjourned without ruling, taking their positions under advisement.

Without ruling on any of the evidentiary objections made by the parties, the trial court later denied the District's plea to the jurisdiction. The District filed a notice of interlocutory appeal and a request for a ruling on its objections on the same day.

## DISCUSSION

### Standard of Review

We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Health & Human Servs. Comm'n v. Pope*, 674 S.W.3d 273, 280 (Tex. 2023).

As its name suggests, a plea to the jurisdiction is a procedural device for challenging a trial court's subject-matter jurisdiction to hear a suit without reference

5

to the merits of the underlying claims. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Jurisdictional pleas are of two types, those that challenge jurisdiction based on the pleadings alone and those that challenge the existence of jurisdictional facts. *Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022).

The plea before us challenges the existence of jurisdictional facts. When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, our standard of review generally mirrors the standard of review for traditional summary judgment. *Tex. Dep't of Crim. Jus. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). So, the movant has the initial burden of proof to show the trial court lacks jurisdiction. *Pope*, 674 S.W.3d at 281. If the movant carries its burden, the nonmovant must show that a genuine issue of material fact exists as to the jurisdictional dispute. *Id.* If the nonmovant shows that a genuine issue of material fact exists, the plea must be denied. *Id.* Otherwise, the plea must be granted. *See id.* (stating that court must grant plea if nonmovant does not dispute movant's proof or fails to raise fact issue).

In deciding whether a genuine issue of material fact exists regarding the parties' jurisdictional dispute, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in its favor. *Id.* But we cannot disregard evidence necessary to show context or evidence and inferences unfavorable to the nonmovant if a factfinder could not do so. *Id.*

6

## Applicable Law

Under the Property Tax Code, county appraisal districts annually appraise property within their boundaries. TEX. TAX CODE §§ 6.01, 6.02, 23.01. A property owner may protest the appraised value of its property by filing a notice of protest with the local appraisal review board. *Id.* §§ 41.41(a), 41.44(a). When a property owner does so, the board holds a hearing and decides the merits of the owner's claims. *Id.* §§ 41.45(a), 41.47(a). The board's final decision is made by written order, which is delivered to the property owner, or its designated agent, by certified mail absent an election to receive electronic communications. *Id.* § 41.47(a), (d)(1).

The property owner may appeal from the board's final written order by filing a petition for review in the trial court, which then tries the tax dispute de novo. *Id.* §§ 42.21(a), 42.23(a). But the property owner must file its petition in the district court within 60 days of receiving notice that the board entered a final order. *Id.* § 42.21(a). Failure to satisfy this deadline bars any appeal. *Id.* Thus, compliance with the 60-day deadline is a jurisdictional prerequisite to an appeal from the board's order. *Appraisal Review Bd. v. Int'l Church of Foursquare Gospel*, 719 S.W.2d 160, 160 (Tex. 1986) (per curiam); *Harris Cty. Appraisal Dist. v. PXP Aircraft*, 569 S.W.3d 256, 262 & n.19 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

**Analysis**

*Presumption of Delivery*

The District and Houston Pipe Line Co have raised a preliminary legal issue that we must address before we can analyze the former's jurisdictional plea. Specifically, they broach whether the presumption of delivery in section 1.07(c) of the Property Tax Code applies here. That section provides: "A notice permitted to be delivered by first-class mail by this section is presumed delivered when it is deposited in the mail. This presumption is rebuttable when evidence of failure to receive notice is provided." TEX. TAX CODE § 1.07(c). Both sides maintain that the presumption does not apply in this instance and should play no part in our analysis.

We agree with the parties that the presumption of delivery is inapplicable. However, we agree for a different reason than the one that the parties advocate.

The parties reason that, under its plain language, the statutory presumption of delivery applies exclusively to first-class mail, noting that the Property Tax Code distinguishes between first-class mail and other methods of delivery, including certified mail. *Id.* § 1.07(a), (c), (d). In this instance, notice of the review appraisal board's written order was required to be made by certified mail. *See id.* § 41.47(d). Therefore, the parties conclude, the presumption of delivery does not apply.

As we are bound by the plain language of unambiguous statutes, the parties' argument is persuasive. In addition, their argument is buttressed by the distinction

8

between regular first-class mail and certified mail. The reason that section 1.07(c)'s presumption of delivery refers to the former but not the latter seems self-evident: first-class mail is not tracked, and its delivery cannot be confirmed apart from a voluntary after-the-fact acknowledgment of receipt by the addressee. Certified mail differs in that it requires a signature from the addressee upon delivery and, if requested, the United States Post Office will provide electronic confirmation of delivery.[1] The presumption of delivery very likely applies to first-class mail because it lacks these means of confirmation. Certified mail does not require a like presumption of delivery because certified mail generates evidence of delivery.

Nonetheless, courts have held that section 1.07(c)'s presumption of delivery applies to first-class and certified mail alike. *E.g.*, *Cooke Cty. Tax Appraisal Dist. v. Teel*, 129 S.W.3d 724, 730 (Tex. App.—Fort Worth 2004, no pet.). Indeed, we recently applied the presumption of delivery in another appeal arising from an ad valorem tax dispute. *Fort Bend Cent. Appraisal Dist. v. Am. Furniture Warehouse Co.*, 630 S.W.3d 530, 536–41 (Tex. App.—Houston [1st Dist.] 2021, no pet.). Though in that appeal, we did so consistent with the briefing of the parties, both of whom agreed that the presumption of delivery applied to their dispute. *See id.*

---

[1] *See* USPS FAQ: Certified Mail – The Basics, available at: https://faq.usps.com/s/article/Certified-Mail-The-Basics (last visited Dec. 3, 2024).

In another case, the apparent conflict between the plain language of the statute and our contrary interpretation of it might put us in a quandary, as we are bound by the decisions of prior panels of this court that cannot be meaningfully distinguished, unless they are abrogated by the legislature, our court sitting en banc, or the supreme court. *Mitschke v. Borromeo*, 645 S.W.3d 251, 256–57 (Tex. 2022). Fortunately, however, we need not confront this apparent conflict today because the presumption of delivery is inapplicable in this particular case for a different reason. Even if the presumption generally applies to certified mail, it would not affect our analysis in this case because the presumption was rebutted and thus would no longer apply.

A presumption is a default rule that establishes a fact as a matter of law when there is no contrary evidence. *Horton v. Kansas City S. Ry. Co.*, 692 S.W.3d 112, 141 (Tex. 2024). When a party with the burden of proof on a factual issue shows that a presumption applies, the burden of proof shifts to the other side to rebut the presumption. *Id.* If the other side introduces evidence doing so, then the presumption disappears. *Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993). Though this is true of presumptions in general, section 1.07(c) is explicit on this point. *See* TEX. TAX CODE § 1.07(c) (providing for rebuttal of presumption with evidence).

Here, both sides introduced evidence concerning whether the appraisal review board's written order was delivered to Houston Pipe Line Co's representative. Because Houston Pipe Line Co introduced evidence of non-delivery, the

10

presumption of delivery has been rebutted and it no longer applies in this case. Therefore, we now turn to the parties' competing evidence concerning delivery.

### *Evidence of Delivery*

In the trial court, the District relied on the declaration of Varmika Johnson, who is the manager assigned to the operations division of the appraisal review board, and two key exhibits that accompanied her declaration: an internal log documenting certified mailings made by the District and a screenshot from the United States Postal Service's website tracking the mailing and delivery of the board's order.

In her declaration, Johnson explained that she oversees the mailing of the board's written orders. She reviewed the documents in the District's possession regarding the August 29, 2022 order pertaining to Houston Pipe Line Co's taxes. Based on these documents, she declared that the order was sent by certified mail with postal tracking to the company's designated agent, KE Andrews. This certified mailing bore a particular tracking number. The District's internal log corroborates Johnson's declaration by indicating that certified mail bearing this number was mailed to KE Andrews. Johnson further declared the United State Postal Service's online tracking site showed that the certified mailing bearing this number was delivered to the addressee on August 29, 2022, and left with an unspecified person.

Evidence of this type establishes delivery of the board's written order in the absence of any contrary proof. *See Am. Furniture Warehouse Co.*, 630 S.W.3d at

533–41 (holding that uncontradicted affidavit made by deputy chief appraiser including USPS tracking website information and accompanied by certified mail return receipt showed delivery and entitled district to dismissal for lack of jurisdiction). It is undisputed that Houston Pipe Line Co did not appeal from the board's order within 60 days of this delivery. Therefore, to avoid dismissal, the company had to introduce evidence of non-delivery. *See Pope*, 674 S.W.3d at 281 (explaining that when movant shows lack of jurisdiction, burden shifts to nonmovant, which must show genuine issue of material fact exists as to jurisdiction).

To do so, Houston Pipe Line Co introduced the declaration of Kyle Fisher, an executive vice president of KE Andrews, the tax consulting firm serving as Houston Pipe Line Co's agent for the property at issue for the 2022 tax year.

Fisher declared that KE Andrews did not contemporaneously receive the appraisal review board's August 29, 2022 order or notice of the order. Instead, KE Andrews only received a copy of the order on March 20, 2023, in response to Houston Pipe Line Co's suit against the board alleging nonreceipt of the order.

Fisher explained that KE Andrews was certain that it had not previously received the board's written order because there was no trace of it in the company's internal records. KE Andrews maintains a spreadsheet documenting the receipt of all certified mailings, scans images of these mailings into an electronic document repository, and distributes hard copies to the relevant personnel. But the written

order was absent from the spreadsheet and electronic document repository. Nor had any of KE Andrews's relevant personnel received hard copies of the written order.

Fisher further explained that KE Andrews implemented this multifaceted method of tracking documents to ensure that mailings received cannot go missing. Consequently, Fisher stated, KE Andrews has not had a documented case in which it has failed to "timely handle a tax-related notice" in its 45 years of existence.

Taken together, the representations made by Fisher in his declaration raise a genuine issue of material fact as to whether notice of the appraisal review board's August 29, 2022 order was delivered. The District and Houston Pipe Line Co offered conflicting evidence about delivery, with the former relying on the United States Postal Service's certified-mail tracking measures and the latter relying on KE Andrews's internal certified-mail tracking measures. On their face, neither of these tracking systems, both of which depend on fallible human beings for their implementation and accuracy, is foolproof. As a result, neither side's proof is conclusive. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005) (explaining "there are few instances in which disputed evidence is conclusive" and offering by way of example instance in which paternity test scientifically established father was someone other than husband despite wife's testimony that she had conjugal relations with no one else); *Prosper Florida v. Spicy World of USA*, 649 S.W.3d 661, 671 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (describing *Wilson*

as recognizing as conclusive "disputed evidence that definitively negates contrary proof in some fashion, such as a scientifically reliable diagnostic test establishing paternity in the face of contrary testimony"). Thus, there is a factual dispute on the jurisdictional issue, and the trial court did not err in denying the jurisdictional plea. *See Pope*, 674 S.W.3d at 281 (reciting that trial court must accept nonmovant's proof as true and deny jurisdictional plea if proof raises genuine issue of material fact).

### *Refusal to Rule*

On appeal, the District maintains it objected to Fisher's declaration on the grounds that he lacked personal knowledge, relayed hearsay, and made conclusory assertions. According to the District, the trial court refused to rule on these objections. Once these objections are considered, the District continues, Fisher's declaration is not sufficient to create a genuine issue of material fact. Hence, the District contends that we must disregard Fisher's declaration on appeal, which would make the District's jurisdictional evidence of delivery undisputed and conclusive.

Based on the record before us and the applicable law, we cannot agree that the trial court refused to rule on the District's objections to Fisher's declaration.

The District made the aforementioned objections in its jurisdictional briefing in the trial court, and the District asked the trial court to sustain these objections during the hearing on its jurisdictional plea. However, at the conclusion of the hearing, the trial court did not announce a ruling, either on the plea in general or the

14

evidentiary objections in particular. When it later signed its order denying the jurisdictional plea, the trial court did not refer to either side's evidentiary objections.

In general, for evidentiary objections to be reviewable on appeal, the record must show the party timely objected in the trial court and obtained an adverse ruling or that the trial court refused to rule. TEX. R. APP. P. 33.1(a). But a mere failure to rule is not one and the same thing as a refusal to rule. A trial court must neglect or decline to rule in the face of an objection to its failure to rule in order for a party to preserve error based on the court's refusal to rule. *See* TEX. R. APP. P. 33.1(a)(2)(B) (requiring party to object to refusal to rule in order to preserve error with respect to trial court's refusal to rule on objection). In other words, a party must confront the trial court with its failure to rule and object to that failure before the trial court can be said to have refused to rule for purposes of error preservation. *See id.*; *Bibby v. Bibby*, 634 S.W.3d 401, 409–10 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (holding that party who did not object to trial court's failure to rule on evidentiary objections did not preserve error even though she made these objections in three motions and reiterated them during two hearings and asked for a ruling on them).

Here, the District objected in writing and reiterated its objections during the hearing on its plea to the jurisdiction. But the District did not object to the trial court's failure to rule. Thus, the District cannot raise evidentiary objections on appeal that it was required to preserve in the trial court but did not, like lack of

15

personal knowledge and hearsay. TEX. R. APP. P. 33.1(a)(2)(B); *Bibby*, 634 S.W.3d at 409–10; *see also Clarendon Nat'l Ins. Co. v. Thompson*, 199 S.W.3d 482, 490 n.7 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (explaining that lack of personal knowledge and hearsay are defects of form that must be preserved for review).

The District argues that the trial court's failure to rule amounted to a refusal to rule because the District also filed a written request for a ruling on its evidentiary objections after the trial court denied its jurisdictional plea. But repeated requests for a ruling are not a substitute for an objection to the trial court's refusal to rule. Without an objection to the trial court's refusal to rule, the District has not preserved error regarding its objections that Fisher lacked personal knowledge and relayed hearsay in his declaration. TEX. R. APP. P. 33.1(a)(2)(B); *Bibby*, 634 S.W.3d at 409–10.

Unlike the District's objections concerning Fisher's ostensible lack of personal knowledge and hearsay, an objection that a declaration is conclusory does not require error preservation. *See Thompson*, 199 S.W.3d at 490 n.7 (explaining that conclusory statements are defective in substance and that objections to conclusory statements therefore are not waived on appeal by failure to object). But we reject the complaint that Fisher's declaration is conclusory for two reasons.

As an initial matter, the sole complaint about conclusoriness the District has articulated on appeal consists of Houston Pipe Line Co's mere failure to affix documents to Fisher's declaration. But this complaint in actuality concerns the form

16

of Fisher's declaration, not its substance, and therefore had to be preserved in the trial court in order to raise it on appeal. *Mathis v. Bocell*, 982 S.W.2d 52, 59–60 (Tex. App.—Houston [1st Dist.] 1998, no pet.). In other words, the failure to affix documents referenced within Fisher's declaration, standing alone, does not make the declaration conclusory in the sense of being incompetent or no evidence. *See id.*

Furthermore, even if the failure to affix a document referenced in a declaration generally rendered a corresponding statement in the declaration conclusory and thus no evidence, Fisher's ultimate conclusion concerning nonreceipt of the August 29, 2022 written order would not be so. The lone document Fisher relies on for proof of non-delivery is KE Andrews's spreadsheet documenting its receipt of certified mailings. But Fisher's conclusion that KE Andrews did not contemporaneously receive the appraisal review board's August 29, 2022 written order does not solely rest on the absence of this order from the firm's tracking spreadsheet. Fisher also declared that, had KE Andrews received delivery of the order, the order would have been included in the firm's electronic document repository and hard copies would have been circulated to relevant personnel but there was no trace of the order in the repository or of hard copies within the firm. These additional statements do not rely on the unattached tracking spreadsheet.

In evaluating whether Fisher's declaration is conclusory, we must be mindful that showing nonreceipt of the order requires him to prove a negative. As the

17

supreme court has observed, proving a negative is inherently difficult and this fact should be taken into account in evaluating the quantum of proof necessary to do so. *State Farm Mut. Auto Ins. Co. v. Matlock*, 462 S.W.2d 277, 278 (Tex. 1970). Notably, two of the three factual propositions that Fisher relies on in support of his conclusion of nonreceipt—the order's absence from the firm's electronic document repository and lack of hard copies within the firm—are not necessarily supportable by documentary proof. In this context, his representations are not conclusory.

When considered together as a whole, Fisher's declaration is not conclusory regarding the nonreceipt of the August 29, 2022 order by KE Andrews. Fisher explains the underlying factual bases for this conclusion. *See Arkoma Basin Expl. Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 (Tex. 2008) (concluding expert testimony was not conclusory as matter of law as expert "did not simply state a conclusion without any explanation" or ask factfinder to accept his word). Houston Pipe Line Co's failure to attach KE Andrews's tracking spreadsheet to Fisher's declaration does not undo the adequacy of his explanation. *See id.* (noting expert is not required to introduce data underlying opinion unless other side insists).

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Guerra, and Gunn.