MIDLAND CENTRAL APPRAISAL
DISTRICT and Midland County Ap-
praisal Review Board, Appellants,

v.

PLAINS MARKETING, L.P., A Texas
Limited Partnership, and Plains Mar-
keting GP Inc., General Partner, Ap-
pellees.

No. 11–06–00048–CV.

Court of Appeals of Texas,
Eastland.

Sept. 21, 2006.

Kirk Swinney, Matthew Tepper, McCreary, Veselka, Bragg & Allen, P.C., Attorneys At Law, Austin, for appellants.

Benjamin F.S. Elmore, Abigail Wilson Giraud, Gwen J. Samora, Glen A. Rosenbaum, James D. Thompson III, Vinson & Elkins, Attorneys At Law, Houston, John A. (Jad) Davis, Jr., Turner, Davis & Gerald, P.C., Attorneys At Law, Midland, for appellees.

Panel consists of: WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

This is an ad valorem tax suit. Plains Marketing, L.P., a Texas Limited Partnership, and Plains Marketing GP Inc., General Partner, (collectively "Plains") filed suit to appeal the assessment of taxes on three crude oil inventory accounts. The Midland Central Appraisal District and Midland County Appraisal Review Board responded by challenging the trial court's jurisdiction. The trial court denied their challenge, and an interlocutory appeal was filed. We affirm.

1. U.S. Const. art. I, § 8, cl. 3.

## I. *Background Facts*

Plains maintains various crude oil inventory accounts in Midland County. Plains is a midstream company. It has no production or refineries but buys and resells crude oil. Oil is purchased, collected, and stored in tank farms before delivery. The vast majority of Plains's oil is shipped to Cushing, Oklahoma.

In 2004, Plains received notices from the Midland Central Appraisal District of the appraised value of its accounts. Plains filed notices of protest for each account and a motion to correct error for property Plains contended had an appraised value that exceeded the property's actual value by more than one-third. Each notice of protest provided in a section labeled "NATURE OF PROTEST" the following:

— Value on property above market value of property

— Value on property excessive in comparison with other similar property

— Other:

The Midland County Appraisal Review Board held a hearing on Plains's protests. Plains's notices did not reference the Interstate Commerce Clause,[1] but this issue was discussed during the hearing. At the beginning of the hearing, an individual associated with the Appraisal District described the dispute for the Appraisal Review Board:

Uh, if I can assume agreement, I'll try to limit my putting words into the property owner's mouth. Uh, we are here today to decide on the tax value and, or taxable nature of some property which is some oil inventory. Most, if not all of you, were here several months ago when we had a similar issue arise. Uh, this is very similar, but it is also different in some ways. Uh, what we have here is oil in a number of gathering tanks, uh,

present on September 1 appraisal date. And the owner in this case is Plains, Plains Marketing, and the, the issue that was before you the previous time was, is this oil have—or does this oil have situs in Midland County. What the issue that will be raised before you today—and again, if I may put words—or limit my words in the property owner's mouth— is, is this property exempt because it is interstate commerce?

The appraisal district will contend it was not so protested. It was only protested for value. But be that as it may, we'll— I'm sure the property owner will have some words to say about that. Uh, basically everything is similar. We've had to do some paper shuffling. We've already settled several matters that were before you, and so only the Plains matters are before you now.

At the conclusion of the hearing, the Appraisal Review Board voted to deny Plains's protests and accept the Appraisal District's recommended value. That decision was confirmed by subsequent written orders. The orders made no reference to Plains's exemption contention or the Appraisal District's contention that the exemption issue had not been properly protested. Plains then filed suit in district court appealing the tax assessments on three accounts.

The parties filed cross motions for summary judgment. The Appraisal District and the Appraisal Review Board argued, in part, that the trial court lacked jurisdiction because Plains had not exhausted its administrative remedies. The trial court denied both motions. The Appraisal District and the Appraisal Review Board filed an interlocutory appeal challenging the trial court's jurisdictional ruling.

## II. *Issues*

The Appraisal District and the Appraisal Review Board challenge the trial court's denial of their motion for summary judgment with two issues, arguing that Plains failed to exhaust its administrative remedies and, therefore, that the trial court lacked jurisdiction.

## III. *Standard of Review*

■ We review the trial court's determination of subject-matter jurisdiction, including its construction of pertinent statutes, de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

## IV. *Discussion*

A. *Is The Failure to Exhaust The Property Tax Code's Administrative Remedies a Jurisdictional Bar to a Taxpayer's Appeal?*

■ The Appraisal District and the Appraisal Review Board argue that a taxpayer must follow the procedures specified in the Texas Property Tax Code before filing an appeal or else the trial court lacks subject-matter jurisdiction. Plains acknowledges that this was once true but contends that the Texas Supreme Court altered that rule and that now any failure to exhaust administrative remedies operates as a defense rather than a jurisdictional bar. We agree with Plains that the Texas Supreme Court reduced the instances in which a party can raise a statutory issue as a jurisdictional bar but find that, when an administrative body is vested by the legislature with a fact-finding responsibility, participation in the administrative process is a jurisdictional requirement.

The Texas Supreme Court held that compliance with the statutory requirements for an appraisal review is jurisdictional in *Appraisal Review Bd. v. Int'l Church of Foursquare Gospel*, 719 S.W.2d 160, 160 (Tex.1986). Subsequently, howev-

er, the court held that compliance with the statutory requirements for asserting a wrongful death claim was case-determinative but not jurisdictional. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex.2000). The court justified the subsequent holding by reference to the preference for final judgments. *Id.* Allowing statutory prerequisites to become synonymous with jurisdictional limitations presents a fundamental problem: "[A] judgment will never be considered final if the court lacked subject-matter jurisdiction" because "[t]he classification of a matter as one of [subject-matter] jurisdiction ... opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment." *Id.* (alteration in original).

*Kazi's* impact on taxpayer appeals is unsettled. The opinion does not discuss them, and the court has not since directly addressed the question. It has, however, acknowledged the pendency of this issue. In *Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329 (Tex.2005), the court considered a challenge to the tax appraisal of salt dome caverns used to store liquid hydrocarbons. The appraisal district contended that the trial court lacked jurisdiction because of other proceedings before the appraisal review board involving a third party. *Id.* at 331. The court found against the appraisal district on the procedural issue but wrote: "[A] taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Id.* However, in a footnote to that sentence, the court also noted that it had yet to address whether this rule had survived the *Kazi* decision. *Id.* at 331 n. 5.

The court recently relied upon the *Matagorda County* decision to conclude that

taxpayers who did not file a protest of their ad valorem tax assessment with the appraisal review board could not challenge that assessment in district court because they had not exhausted their administrative remedies. *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501 (Tex.2006). The court did not cite *Kazi* but did discuss the difference between pure legal questions and factual determinations. The court held that legal issues, such as the constitutionality of a particular action, could be challenged without exhausting administrative remedies but that fact-dependent issues, such as the taxability of a trailer due to its size, shape, and intended use, could not. *Id.* at 502.

Since *Kazi*, the court has considered whether the failure to exhaust administrative remedies is jurisdictional in a variety of circumstances. For example, in *Thomas v. Long*, No. 03–0204, — S.W.3d —, 2006 WL 1043429 (Tex. April 21, 2006), Long was terminated from the Harris County Sheriff's Office. She appealed her termination to the Sheriff's Department's Civil Service Commission. The Commission found for Long and ordered her reinstated. The Sheriff's Department advised Long that before returning to work she was required to pass a physical ability test. She refused and filed suit. *Id.* at *1, —. The court found that the Commission had exclusive jurisdiction over Long's claims; noted that a trial court lacks jurisdiction unless administrative remedies have been exhausted; and then held that, because Long did not return to the Commission with her complaint over the physical ability test, the trial court had no jurisdiction. *Id.* at *6–7, —.

In *Wilmer–Hutchins ISD v. Sullivan*, 51 S.W.3d 293 (Tex.2001), the plaintiff claimed she was fired for filing a workers' compensation claim. She did not file a grievance, and the court held that her

failure to exhaust administrative remedies was a jurisdictional bar. In *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 595–98 (Tex.2001), and *Tex. Dep't of Transp. v. Aer–Aerotron, Inc.*, 39 S.W.3d 220, 220–21 (Tex.2001), the court held that a party who files a breach of contract suit against a governmental entity under TEX. CIV. PRAC. & REM.CODE ANN. ch. 107 (Vernon 2005 & Supp.2006) must first exhaust its administrative remedies under TEX. GOV'T CODE ANN. ch. 2260 (Vernon 2000 & Supp.2006).

Conversely, the court found that the Texas Tort Claims Act's pre-suit notice requirement for medical malpractice claims[2] was not jurisdictional. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351 (Tex.2004). The court held that the distinction between jurisdictional and non-jurisdictional statutory prerequisites turns on legislative intent and that this intent can be ascertained by looking at the statute's language and purpose. The court held that the notice requirement was not jurisdictional because it merely promoted settlement. *Id.* at 361–62. It distinguished several cases where statutory compliance was jurisdictional by noting that they involved the failure to exhaust administrative remedies. *Id.* at 361 n. 46. The court cited *Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex. 1998), for the statement that a "failure to exhaust administrative remedies may deprive courts of subject matter jurisdiction in the dispute ... because the Legislature in conferring jurisdiction upon an agency expresses its will to have the agency re-

solve disputed issues of fact and policy." An "exhaustion requirement seeks to assure that the appropriate body adjudicates the dispute—the hallmark of a jurisdictional statute." *Id.*

The Property Tax Code, just as every other statute recently considered by the supreme court, speaks in mandatory terms. TEX. TAX CODE ANN. § 42.09 (Vernon 2001) expressly provides that the procedures prescribed by Title 1 of the Code for the adjudication of a tax protest are exclusive. TEX. TAX CODE ANN. § 41.41 (Vernon 2001) sets out the grounds upon which a taxpayer may present a protest to the review board. TEX. TAX CODE ANN. § 41.44 (Vernon Supp.2006) governs notices of protest. TEX. TAX CODE ANN. § 41.45 (Vernon 2001) provides for a hearing on any protest, and TEX. TAX CODE ANN. § 41.47 (Vernon 2001) governs the board's determination of that protest. Finally, TEX. TAX CODE ANN. § 42.01 (Vernon 2001) gives a property owner the right to appeal the appraisal review board's determination of the protest.

■ The Property Tax Code, however, does not specify the consequences if a party fails to exhaust its administrative remedies. We turn, therefore, to consideration of the statute's purpose. This requires us to ask: Who did the legislature intend to make the initial factual and policy determination when a taxpayer wishes to challenge a tax appraisal?[3] For if the legislature vests an administrative agency with initial decision-making authority over a particular matter, it is clear that the

---

**2.** TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 2005).

**3.** For example, in *Rourk*, 194 S.W.3d 501, *Matagorda County*, 165 S.W.3d 329, and *Church of Foursquare Gospel*, 719 S.W.2d 160, it was the appraisal review board. In *Long*, — S.W.3d ——, 2006 WL 1043429, it was the civil service commission. In *Sulli-

*van*, 51 S.W.3d 293, it was the grievance officer or committee. In *Little–Tex Insulation*, 39 S.W.3d 591, and *Aer–Aerotron*, 39 S.W.3d 220, it was the administrative judge. Unless compliance was treated as jurisdictional, the relevant statutes' purpose was frustrated.

legislature intended that this agency be afforded the opportunity to address the dispute before judicial review is appropriate. If judicial review becomes a substitute process rather than an appeal, courts have usurped the legislature's intended process. If, however, the statute merely provides for other mandatory action which a party must undertake before pursuing a claim or cause of action, the requirement may serve many purposes; but those purposes are fundamentally different from vesting an administrative agency with the initial decision-making authority. Consequently, the failure to comply with the statute may bar any claim for relief, but it is not jurisdictional because the legislature's intended decision-making process is honored.

In *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 183–84 (Tex. 2004), the plaintiffs were required to state in their petition that the condemnor and property owner were unable to agree on damages. In *Loutzenhiser*, 140 S.W.3d 351, the plaintiffs were required to provide notice of a potential medical malpractice claim. In *Kazi*, 12 S.W.3d 71, the plaintiffs were required to establish that India had equal treaty rights with the United States. No administrative agency was tasked with making the initial determination if the property owner and condemnor were unable to agree in *Hubenak*, the notice was sufficient in *Loutzenhiser*, or if India does in fact have equal treaty rights with the United States. Allowing the trial court to make these decisions in the first instance would not interfere with the relevant statutes' purposes.

■ We think it is clear that, when a property owner alleges his property is ex-empt from taxation or has been overly appraised, the legislature intended for the appraisal review board to make the initial factual determination. Consequently, a property owner must exhaust its administrative remedies before seeking judicial review of an exemption claim or property appraisal. The failure to do so is jurisdictional. We recognize that this approach leaves taxpayer appeal judgments potentially vulnerable to collateral attack, but the legislature is best suited to weigh the benefits of an initial administrative agency review versus the costs of this vulnerability.

We also recognize that a sister court has held that compliance with Section 42.09 is not a jurisdictional bar, but simply limits the issues that may be raised by the property owner in subsequent litigation. *Houston ISD v. 1615 Corp.*, No. 14–04–00859–CV, —— S.W.3d ——, ——, 2005 WL 2787279, at *10 (Tex.App.-Houston [14th Dist.] Oct. 27, 2005, no pet. h.).[4] The court cited the Texas Supreme Court's decisions in *Hubenak, Loutzenhiser,* and *Kazi*[5] in support of its determination. In none of these cases, however, did the litigation usurp the legislature's grant of initial decision-making authority to an administrative agency. We believe the Fourteenth Court failed to take into account the supreme court's instructions concerning ascertainment of a statute's purpose. Accordingly, we respectfully disagree with our sister court's holding.

Our result is consistent with the results of several other intermediate court decisions. Courts have regularly found in instances where an administrative body had initial decision-making responsibility that compliance with statutes effectuating this

---

4. The court overruled a motion for rehearing in a supplemental opinion which may be found at 2006 WL 2035569 (Tex.App.-Houston [14th Dist.] July 20, 2006, no pet. h.).

5. 141 S.W.3d at 183–84, 140 S.W.3d at 358–64, 12 S.W.3d at 75–77.

authority were jurisdictional.[6] Courts have also regularly found that compliance with statutorily imposed procedures which do not involve the decision-making authority of an administrative body are not jurisdictional.[7] The Appraisal District and the Appraisal Review Board's first issue is sustained.

*B. Did Plains Exhaust its Administrative Remedies?*

■ Having determined that Plains was required to exhaust its administrative remedies, we must now determine if it did so. The Appraisal District and the Appraisal Review Board contend that Plains may not raise an issue before the trial court unless it was first raised before the Appraisal Review Board. *See Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex.App.-Fort Worth 2003, pet. denied) (to preserve a specific issue for review in the district court, the same issue must first be raised before the appraisal review board). They argue that, because Plains's notices of protest did not specifically raise an Interstate Commerce Clause exemption claim, it may not do so now. Plains answers that it did exhaust its administrative remedies because the Interstate Commerce Clause issue was raised, discussed, and determined by the Appraisal Review Board. We agree with the trial court that this issue was presented to, debated before, and denied by the Appraisal Review Board and conclude, therefore, that Plains exhausted its administrative remedies.

Section 41.44 provides that a notice of protest is sufficient if it identifies the property owner, the property, and indicates apparent dissatisfaction with some determination of the appraisal office. Courts have recognized that the legislature rejected hypertechnical requirements for challenges to appraisal values when it adopted the current tax protest mechanism. *See, e.g., Burnet County Appraisal Dist. v. J.M. Huber Corp., Calcium Carbonate Div.*, 808 S.W.2d 613, 615 (Tex. App.-Austin 1991, writ denied). The Property Tax Code was enacted in part because taxpayers rarely prevailed in challenging appraisals. Legal doctrines, controlling presumptions, and burdens of proof proved insurmountable. *Valero Transmission Co. v. Hays Consol. ISD*, 704 S.W.2d 857, 859 n. 1 (Tex.App.-Austin 1985, writ ref'd n.r.e.).

We have previously held that the legislature intended for the appraisal review board to make the initial decision on any tax protest. Texas courts have honored this intent by consistently recognizing that a party may not protest on one ground to the appraisal review board but assert a different ground before the district court.

---

6. *See, e.g., El Paso County v. Navarrete*, 194 S.W.3d 677 (Tex.App.-El Paso 2006, pet. filed) (claimant must exhaust administrative remedies before suing for sexual discrimination); *Interstate Apartment Enters., L.C. v. Wichita Appraisal Dist.*, 164 S.W.3d 448 (Tex.App.-Fort Worth 2005, no pet.) (failure to file Tex. Tax Code Ann. ch. 41 (Vernon 2001 & Supp. 2006) protest complaining of lack of notice is jurisdictional); *Wackenhut Corrs. Corp. v. Bexar Appraisal Dist.*, 100 S.W.3d 289 (Tex.App.-San Antonio 2002, no pet.) (judicial review of administrative orders is not available unless all administrative remedies have been pursued to the fullest extent).

7. *See, e.g., City of Seabrook v. Port of Houston Authority*, 199 S.W.3d 403 (Tex.App.-Houston [1st Dist.] 2006, pet. filed) (statute requiring city's consent before port authority may condemn property for right-of-way is not jurisdictional); *Tex. Dep't of Mental Health v. Olofsson*, 59 S.W.3d 831 (Tex.App.-Austin 2001, pet. dism'd) (whistleblower statute's limitations period not jurisdictional); *Sierra Club v. Tex. Natural Res. Conservation Comm'n*, 26 S.W.3d 684 (Tex.App.-Austin 2000), *aff'd*, 70 S.W.3d 809 (Tex.2002) (procedural statutes governing an appeal from a TNRCC ruling are not jurisdictional).

*See, e.g., Quorum Int'l,* 114 S.W.3d at 573; *First Bank of Deer Park v. Harris County,* 804 S.W.2d 588, 592 (Tex.App.-Houston [1st Dist.] 1991, no writ).

It is clear that Plains's exemption claim was presented to the Appraisal Review Board. The individual who described the upcoming hearing to the Appraisal Review Board is not identified by name in the hearing transcript, but his statements indicate that he was not associated with Plains because of his repeated caveats that he was trying to avoid putting words into the property owner's mouth. From the context and content of his statements, it is apparent that he was with the Appraisal District or was acting on its behalf. His description of the upcoming hearing confirms that he was well aware of Plains's claim that the property was exempt under the Interstate Commerce Clause. In fact, he described it as "the issue" which would be presented. This prediction was accurate. At the conclusion of the hearing, Plains conceded that it did not disagree with the oil's appraised value. Its challenge was limited solely to the oil's exemption status. The Appraisal District and the Appraisal Review Board ask this court to hold that, as a matter of law, Plains's exemption claim was not raised before the Appraisal Review Board. Their argument, however, addresses the adequacy of Plains's notices of protest. They conclude that whether the exemption issue was actually discussed is irrelevant to whether Plains exhausted its administrative remedies. We disagree. It is unnecessary for this court to consider the adequacy of Plains's notices of protest. Our task is to determine whether the Appraisal Review

Board considered Plains's exemption claim.

Prior to the start of the hearing, the Appraisal Review Board was alerted to the Appraisal District's argument that Plains's notices were insufficient; and, during the hearing, the Appraisal District's counsel urged its present contention that Plains could not assert an exemption claim because its notices of protest did not specifically refer to the Interstate Commerce Clause or, in fact, claim any exemption. The Appraisal Review Board could have disallowed any exemption discussion if it believed it was outside the scope of Plains's notices or could have provided the Appraisal District with additional time to prepare if that had been needed. It did neither. Instead, both Plains and the Appraisal District were allowed to fully discuss the issue. During the hearing, one board member specifically confirmed that the *only* issue being decided was Plains's exemption claim.[8]

The Appraisal Review Board's discussion following the parties' presentations further confirms that it considered and rejected Plains's exemption claim. After Plains acknowledged that it was not contesting the appraised value but was alleging that the oil was exempt, one board member stated:

> Well, I understand your problem, but I agree with what they decided last year. What's in that tank, I think should be taxed. I mean, you're going to pass that tax on to us anyhow, so what difference does it make? [laughs] I ____ [word inaudible] we go with what they voted last year and leave the tax as is.

**8.** The hearing transcript provides:
Kelly Cooke: We are talking about a bunch of different things, but really it comes down to, *is it or is it* not.
Man 4: In interstate commerce.... That, that's what you all have to decide today.

Man 4 is not identified by name, but his subsequent comments indicate he was with the Appraisal District. For example: "[W]e have not attempted to tax the oil in the pipelines because of the difficulties over situs."

The reference to last year's decision referred to the Appraisal Review Board's prior decision that oil collected in a tank farm for subsequent delivery represented inventory and was, thus, taxable. Plains argued that, because its oil was already committed when collected and that it used the tank farms to accumulate enough product for delivery or until a pipeline had available capacity for delivery, its oil was not inventory and, thus, not taxable.

Administrative bodies such as the Appraisal Review Board are typically given broad discretion in their procedures. Those procedures, by tradition, necessity, or design, tend to be less formal than the procedures utilized by trial courts. When determining whether a party exhausted its administrative remedies, therefore, we do not view the proceedings through the prism of our own procedural rules. Instead, we give deference to the administrative body's hearing procedures and focus on its ultimate decision.

The exhaustion of administrative remedies requirement prevents a party from raising an issue in court that was not raised below; but, more importantly, it honors legislative intent by deferring at least the initial decision and policy making authority to the designated body. Plains's exemption claim was presented to the Appraisal Review Board. It was not only discussed at length but also debated and determined; it was the only issue of significance discussed or decided. Undoubtedly, Plains could have done a much better job documenting this claim prior to the hearing, and its notices highlight the risk of over dependence on forms. However, that does not alter the fact that the exemption claim was presented and determined.

Because the Appraisal Review Board considered and rejected Plains's exemption claim, we find that Plains exhausted its administrative remedies and that the trial court has subject-matter jurisdiction. The Appraisal District and the Appraisal Review Board's second issue is overruled.

## V.  *Holding*

The judgment of the trial court is affirmed.