

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| IRAAN-SHEFFIELD INDEPENDENT SCHOOL DISTRICT, | § | |
| | | No. 08-19-00090-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 83rd District Court |
| KINDER MORGAN PRODUCTION COMPANY LLC, Individually and as | § | |
| successor in Interest to KINDER | § | of Pecos County, Texas |
| MORGAN PRODUCTION COMPANY, LP, | § | (TC# P-7943-83-CV) |
| | § | |
| Appellee. | § | |

**O P I N I O N**

This appeal arises out of a taxing unit's challenge of the appraised values of mineral interest in Pecos County, Texas. The pivotal question is whether Appellant Iraan-Sheffield Independent School District (ISISD) exhausted its administrative remedies by raising the issue of taxpayer fraud during the appraisal review board hearing. The trial court concluded ISISD did not exhaust its administrative remedies, granted Appellee Kinder Morgan Production Company LLC's (Kinder Morgan) plea to the jurisdiction, and dismissed ISISD's petition. Finding ISISD exhausted its administrative remedies, we reverse the trial court's dismissal and remand the case for further proceedings.

**STATE OF THE RECORD**

Before we set forth the factual and procedural background of this case, we must address the state of the appellate record. After the parties completed briefing, ISISD filed a first and second supplemental designation of items to be included in the clerk's record of this appeal. The first supplemental request sought to include a letter from Kinder Morgan's counsel to the members of the Pecos County Appraisal Review Board (ARB) dated after the trial court's ruling on the plea to the jurisdiction. The second supplemental request sought to include pleadings from the lawsuit captioned: *ISISD v. Pecos County Appraisal District and Kinder Morgan Production Co., LLC, Individually and as Successor in Interest to Kinder Morgan Production Co., LP*, cause no. P-8133-83-CV, which is a separate and different lawsuit filed in the 83rd Judicial District of Pecos County between the same parties involved in this matter. Kinder Morgan filed a motion to strike these subsequent filings from the record contending ISISD had improperly designated part of the record on appeal. Kinder Morgan argues both requests for supplementation of the clerk's record improperly designate records not before the trial court when it granted Kinder Morgan's plea to the jurisdiction at issue here.

An appellate court may only consider the record as it appeared before the trial court at the time the court made the decision in question. *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 774 (Tex.App.—El Paso 2015, no pet.)(citing *In re Bristol-Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex. 1998)(a reviewing court must "focus on the record that was before the court" when it rendered its decision); *In re Allstate Ins. Co.*, 232 S.W.3d 340, 343 (Tex.App.—Tyler 2007, no pet.). Having reviewed the proposed supplementation, we agree the records ISISD seeks to include in the appellate record were not before the trial court when it considered Kinder Morgan's plea to the jurisdiction. ISISD argues the contested records show Kinder Morgan made subsequent filings

2

and admissions relevant to the disputed issues of this appeal. Regardless of whether these records are relevant, which we do not determine at this juncture, we are not permitted to consider records not before the trial court at the time it rendered the ruling under appellate review. *See Hogg*, 480 S.W.3d at 774. Accordingly, we grant Kinder Morgan's motion to strike notices of subsequent filing from the record of this appeal.

With that understanding, we turn to the background of this appeal as reflected by such appellate record.

## APPRAISAL REVIEW BOARD PROCEEDINGS

### ISISD's Pleadings

ISISD is a taxing unit and independent school district located in Iraan, Texas. In May 2018, it filed a Texas Comptroller of Public Accounts Form 50-215 "Petition Challenging Appraisal Records" (Original Challenge Petition) with the ARB. It selected two of the five statutory grounds listed on the form as the basis for its challenge: (1) "the level of appraisals of any category of property in the district or in any geographical area in the district, but not the appraised value of a single taxpayer's property," and (2) "an exclusion of property from the appraisal records." It described the category of property involved in the challenge as "Category G property: Oil and Gas, Minerals, and other subsurface interests - Pecos County." ISISD also provided the following brief explanation of why its challenge was necessary:

> ISISD asserts the levels of appraisal for Cat. G property located within Pecos County for years 2017, and 2012-2016, were erroneous, inconsistent, and insufficient. ISISD asserts that Cat. G property was erroneously and incorrectly omitted from appraisal for 2017, and 2012-2016. Beck & Masten Pontiac-GMC, Inc. v. Harris Co. Appraisal Dist., 830 S.W.2d 291, 294-95 (Tex. App.—Houston [14th Dist.] 1992, writ denied). ISISD asserts back-appraisal is required for Cat. G property for years 2012-2016. Atascosa Co. v. Atascosa Co. Appraisal Dist., 990 S.W.2d 255, 257 (Tex. 1999). ISISD challenges the level of Cat. G property appraisals for 2017, and 2012-2016; the omission of taxable Cat. G property for 2017, and 2012-2016; and requests back-appraisal of Cat. G property for 2012-

3

2016. Id.; In re ExxonMobile Corp., 153 S.W.3d 605, 619 (Tex. App.—Amarillo 2004); Tex. Tax Code Ch. 25, 41.

ISISD filed a supplemental Petition Challenging Appraisal Records Form 50-215 (Supplemental Challenge Petition) challenging the appraisal records for tax years 2012-2018. The Supplemental Challenge Petition identified the same two statutory grounds for the challenge as it did in the Original Challenge Petition and contained the same description of the property involved. ISISD provided the following brief explanation for why its challenge was necessary in its Supplemental Challenge Petition:

> The taxing unit is challenging all current and past appraisals of Cat. G property from present back to and including 2012, including any that are currently pending. Tex. Tax. Code 25.21 and 41.03. The taxing unit challenges the levels of appraisals for Cat. G property located within Pecos County for years 2012-2018 as being erroneous, inconsistent, and insufficient; challenges that Cat. G property was erroneously and incorrectly omitted (in toto and ab initio) from appraisals for years 2012-2018; and requests back-appraisal for Cat. G property for all previous years as allowed by law. Atascosa Co. v. Atascosa Co. Appraisal Dist., 990 S.W.2d 255, 257 (Tex. 1999).

## The Appraisal Review Board Hearing

The ARB held a hearing on ISISD's Original and Supplemental Challenge Petitions. ISISD did not present any witnesses. But through its attorney it presented data compiled by Louis Posgate, a private appraiser, that purports to show the appraised value of Kinder Morgan's mineral interests in Pecos County varies significantly from the value Kinder Morgan claims for the same mineral interest in publicly available filings it is required to make with various public state and federal entities. ISISD indicated it had asked the Pecos County Appraisal District (PCAD) for the data underlying the Kinder Morgan appraisals to confirm Posgate's calculations, but it did not get anything in response. It proceeded to argue, however, the ARB should trust the data used in Posgate's calculations because it was derived from what Kinder Morgan swore was true in its public filings: "This is a case of these are Kinder Morgan's statements to the different agencies.

4

So, you know, do you trust the one that they've sworn to and given to the SEC or do you go with one that is not sworn to" that is provided to the appraisal district. ISISD then argued that while it did not have specific evidence to back up its claims because of PCAD's refusal to provide it with any underlying data, the ARB could presume fraud because the appraised value of Kinder Morgan's mineral interests was more than 25% less than its purported actual value:

> So they make all these filings with these other entities—or with these other agencies and if you take the information . . . and you plug it into . . . the mandatory formula that is required by law and by the Comptroller, the value is significantly more as to the oil that is in Pecos County than what . . . the Appraisal District came up with. So what that leads to is the Comptroller has—and it's by statute—a general position that if taxes were over 25 percent underpaid, . . . that it is considered to be fraud or misrepresentation that the Panel or a court would consider.

ISISD's counsel concluded by asking the ARB to order a reappraisal of Kinder Morgan's mineral interests for the years 2012 through 2018 because "either there was an error by [PCAD] or there was a misrepresentation by Kinder Morgan."

PCAD, the only party opposing ISISD before the ARB, realized the issue before the board was whether Kinder Morgan committed fraud. In its closing, it asserted "the whole focus of this hearing's been on Kinder Morgan." It then argued "[t]here's no fraud, there is nothing there," and "[T]here is no fraud proven or even insinuated here."

The ARB members, none of whom are attorneys or judges, also believed the issue before them was fraud. At the close of evidence and argument, an unidentified board member motioned for the board to make a finding there was no fraud committed:

> UNIDENTIFIED SPEAKER: I make a motion that we stay with our—our findings—
>
> UNIDENTIFIED SPEAKER: That no fraud was committed?
>
> UNIDENTIFIED SPEAKER: No fraud was committed.
>
> UNIDENTIFIED SPEAKER: Second.

5

MR. SLAUGHTER: We have a motion and a second to stay with the finding . . . no fraud was committed.

Another ARB member suggested the motion to find no fraud be phrased "as a motion to deny the challenge" to comply with the Texas Tax Code. The ARB then voted to deny ISISD's challenge and issued a written order of denial on July 23, 2018.

## DISTRICT COURT PROCEEDINGS

On August 28, 2018 ISISD filed a petition for review and writ of mandamus in district court to appeal the ARB decision. Naming PCAD and Kinder Morgan as defendants, ISISD alleged the trial court had jurisdiction because "[a]ll conditions precedent to the pursuit of this action have occurred or such have been waived by the Defendants." Specifically, ISISD alleged it exhausted its administrative remedies by filing a challenge petition with the ARB, presented its challenge at a hearing before the ARB, and timely filed a petition for *de novo* review with the trial court after its challenge was denied. ISISD did not make any substantive factual allegations against either defendant in its initial petition. But it did cite to *Beck & Masten Pontiac-GMC, Inc. v. Harris County Appraisal District*, 830 S.W.2d 291 (Tex.App.—Houston [14th Dist.] 1992, writ denied) in support of its claim that Kinder Morgan's mineral interests had been omitted from appraisal:

> Plaintiff asserts that mineral interest real property of the Kinder Morgan Entities in Pecos County was erroneously and incorrectly omitted from appraisal for years 2018, and 2013-2017 and that accurate values should be determined by this Court. *Beck & Masten Pontiac-GMC, Inc. v. Harris Co. Appraisal Dist.*, 830 S.W.2d 291, 294-95 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

ISISD also alleged in its original petition the "omission of properties, *in toto* or *ab initio*, was brought to the attention and knowledge of the Chief Appraiser of the Pecos County Appraisal District as to the mineral interest real property of the Kinder Morgan Entities . . . ." ISISD asked the trial court to either set a proper appraised valuation of Kinder Morgan's mineral interests or

order the Pecos County Chief Appraiser to re-appraise the mineral interests for the years 2013 through 2018.

Kinder Morgan answered the original petition with a general denial-and a motion to dismiss under Texas Rule of Civil Procedure 91a. Kinder Morgan based its motion to dismiss partially on the fact that ISISD "does not allege *any* facts in support of either cause of action that could establish a viable, legally cognizable right to relief or provide the Kinder Morgan defendants with fair notice of the facts on which the claims are based."

ISISD filed two amended petitions in response to Kinder Morgan's motion to dismiss. In its second amended petition, ISISD alleged again that Kinder Morgan's mineral interest in Pecos County was excluded and omitted, *in toto* and/or *ab initio*, from appraisal for years 2018, and 2013-2017. Asserting the appearance of fraud is evidence of omission *ab initio*, ISISD's second amended petition expressly alleged Kinder Morgan had engaged in such fraud: "ISISD, based on the conduct of Defendants and review by experts of other Kinder Morgan federal and state filings, believes Kinder Morgan knowingly and purposefully provided inaccurate and/or incomplete information to be relied upon by PCAD/Pickett in a fraudulent effort to evade payment of taxes and such misrepresentation were relied upon to the detriment of Plaintiff and the citizens of Pecos County, Texas."

Kinder Morgan subsequently withdrew its Rule 91a motion to dismiss and filed a plea to the jurisdiction. Attaching the transcript from the ARB hearing, Kinder Morgan argued in its plea to the jurisdiction the trial court did not have jurisdiction because ISISD had not exhausted its administrative remedies. Specifically, it claimed ISISD failed to litigate before the ARB its claim Kinder Morgan had made an intentional misrepresentation. After a hearing on the matter, the trial

7

court granted Kinder Morgan's plea to the jurisdiction and dismissed the case without prejudice. This appeal followed.

## DISCUSSION

## ISSUES ON APPEAL

There is one central issue on appeal: did the trial court err in granting Kinder Morgan's plea to the jurisdiction? Resolution of this primary issue requires us to consider two component issues. First, did ISISD exhaust its administrative remedies by presenting its claim of taxpayer fraud to the ARB? Second, if ISISD exhausted its administrative remedies, did ISISD timely appeal the issue of taxpayer fraud to the district court? We will consider each of these issues in turn.

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea by which a party challenges the trial court's subject matter jurisdiction. *Hernandez v. Sommers*, 587 S.W.3d 461, 467 (Tex.App.—El Paso 2019, pet. denied). Its purpose is to defeat a cause of action without regard to whether the claims asserted have merit. *Id.* at 467-68. The trial court's ruling on a plea to the jurisdiction is subject to *de novo* review. *Id*. at 468.

A plea to the jurisdiction may challenge either the sufficiency of jurisdictional allegations in the pleadings or the existence of jurisdictional facts. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). When a plea to the jurisdiction challenges the sufficiency of the pleadings, we determine whether the plaintiff has met that burden by pleading facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Id.* at 226. In doing so, we construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent and accept as true the factual allegations in the pleading. *Id.* at 226, 228. If the pleadings are insufficient

to establish jurisdiction but do not affirmatively demonstrate an incurable defect, then the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226-27. On the other hand, if the pleadings affirmatively negate the existence of the trial court's jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to the extent necessary to resolve the jurisdictional issues, just as the trial court is required to do. *Id.* at 227. If the evidence presents a jurisdictional fact question, a plea to the jurisdiction may not be granted and the fact finder should resolve the fact issue. *Id.* at 228. If, however, the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the plea to the jurisdiction may be ruled on as a matter of law. *Id.*

**ANALYSIS**

**Exhaustion of Administrative Remedies**

*Applicable Law*

An "ad valorem tax" is a tax on property at a certain tax rate based on the property's value. *City of Austin v. Travis Central Appraisal District*, 506 S.W.3d 607, 613 (Tex.App.—Austin 2016, no pet.). The value of the property is determined by an appraisal conducted by county-based appraisal districts and appraisal review boards throughout the State. *Id.*; TEX.TAX CODE ANN. § 6.01(b). The appraisal process is defined in detail in the Texas Tax Code's legislative scheme. Relevant for our purpose is section 25.21 of the Tax Code, which at the time this case was initiated, required the chief appraiser to enter in the appraisal records real property that *"was omitted"* from an appraisal roll in any of the five preceding years. TEX.TAX CODE ANN. § 25.21 (West 2018), *amended by* TEX.TAX CODE ANN. § 25.21 (West 2021). Courts in Texas have interpreted the word

9

*omitted* in section 25.21 to include property "undervalued by virtue of taxpayer fraud." *See In re ExxonMobile Corp.*, 153 S.W.3d 605, 613 (Tex.App.—Amarillo 2004, no pet.)("For purposes of section 25.21, property 'omitted' from the appraisal roll includes that undervalued by virtue of taxpayer fraud."); *Willacy County Appraisal District v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 50 (Tex. 2018)(stating section 25.21 of the Texas Tax Code "provides a remedy for an erroneous appraisal based on property that escaped taxation because of a void assessment arising from taxpayer fraud"). The Fourteenth Court of Appeals explained in *Beck & Masten Pontiac-GMC, Inc. v. Harris County Appraisal District*, 830 S.W.2d 291, 294-95 (Tex.App.—Houston [14th Dist.] 1992, writ denied) that taxpayer fraud makes "the initial assessment [by the appraisal district] void *ab initio*." Interpreting a predecessor to section 25.21 that used the phrase "escaped taxation" in place of the word omitted, the *Beck & Masten* court reasoned a void assessment resulted in property being omitted for purposes of the Tax Code. *Id.* at 295. *See Jim Wells County v. El Paso Production Oil & Gas Co.*, 189 S.W.3d 861, 868 (Tex.App.—Houston [1st Dist.] 2006, pet. denied)("The Taxing Units argue that the amendment to section 25.21 that changed the word "escaped taxation" to "omitted" property, renders 25.21 inapplicable to the facts before us. We disagree. Both *In re ExxonMobile* and *Beck & Masten* considered the very argument presented by the Taxing Units, and both courts concluded that section 25.21's application is determined by the allegation of fraud, not the characterization of the result.").

Taxing units like ISISD are generally excluded from this appraisal process. *City of Austin*, 506 S.W.3d at 613. However, section 41.03 of the Texas Tax Code gives them the right to file property tax appeals with an appraisal review board in limited circumstances. The version of section 41.03 effective when ISISD filed its challenge petition in 2018 allowed taxing units to file challenges, among other bases, in the following two circumstances: (1) "the level of appraisals of

10

any category of property in the district or in any territory in the district, but not the appraised value of a single taxpayer's property"; and (2) "an exclusion of property from the appraisal records." TEX.TAX CODE ANN. § 41.03 (a)(1)-(2) (West 2019), *amended by* TEX.TAX CODE ANN. § 41.03 (a)(1)-(2) (West 2020). In *In re ExxonMobile*, the Seventh Court of Appeals held this second basis for appeal allows taxing units to appeal to the appraisal board if the chief appraiser does not address property omitted due to taxpayer fraud under section 25.21:

> The challenge procedures provided a further remedy for the taxing units in the event the chief appraiser failed to address the oil companies' actions that they considered fraudulent. Section 41.03 specifically authorizes taxing units to bring to the appraisal review board challenges to the level of appraisals of any category of property *and to an exclusion of property from the appraisal records*.

*In re ExxonMobile*, 153 S.W.3d at 614. A taxing unit can appeal the appraisal review board's decision to the district court. TEX.TAX CODE ANN. §§ 42.031, 42.21(a). However, to properly invoke the subject-matter jurisdiction of the district court, the taxing unit must exhaust its administrative remedies before the appraisal review board before filing its petition for judicial review. *City of Austin*, 506 S.W.3d at 618. In *Webb County Appraisal District v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990) the Texas Supreme Court stated the "intent of the administrative review process is to resolve the majority of tax protests at this level, thereby relieving the burden on the court system." Consequently, the *New Laredo* court required the appealing party to appear before the appraisal review board with evidence to allow the board an opportunity to make a decision on the merits of the protest. *Id.*; *see also City of Austin*, 506 S.W.3d at 619. And "Texas courts have honored this intent by consistently recognizing that a party may not protest on one ground to the appraisal review board but assert a different ground before the district court." *Midland Central Appraisal District v Plains Marketing, L.P.*, 202 S.W.3d 469, 475 (Tex.App.—Eastland 2006, pet. denied).

11

## *Discussion*

Kinder Morgan argued in the trial court, and again on appeal, ISISD did not exhaust its administrative remedies because: (1) ISISD did not allege fraud in its challenge petition; (2) it did not present any evidence to the ARB that Kinder Morgan made an intentional misrepresentation; and (3) the ARB did not decide the merits of a taxpayer fraud claim. We disagree.

### *Adequacy of the Challenge Petition*

As a threshold matter, we hold we do not need to consider the adequacy of ISISD's challenge petitions. Our ultimate task is to determine whether the ARB considered the substance of the claim ISISD seeks to assert in the trial court—that Kinder Morgan's property was undervalued as a result of its commission of taxpayer fraud. *See Plains Marketing*, 202 S.W.3d at 476 (holding it unnecessary to consider adequacy of notices of protest because the court's task was to determine whether the appraisal review board considered party's exemption claim). As a result, we focus on the dispositive issue presented regarding the nature and substance of the ARB hearing.

### *ARB Hearing*

ISISD argues it presented evidence regarding the issue of Kinder Morgan's taxpayer fraud before the ARB. After reviewing the transcript of the ARB hearing, we agree. It provided data from a private appraiser that ISISD claims demonstrated Kinder Morgan gave PCAD lower values of its mineral interests than it provided in its filings with state and federal entities. It argued the ARB should trust the data Kinder Morgan provided in its public filings under oath. It then explicitly argued the difference in numbers was either an error by PCAD "or there was a misrepresentation by Kinder Morgan."

Kinder Morgan argues ISISD never accused Kinder Morgan of an *intentional* misrepresentation before the ARB, but instead argued "a misrepresentation could be 'assumed'

12

pursuant to a so-called '25% Rule'." Therefore, it concludes ISISD failed to present any evidence that would allow the ARB to make a determination of taxpayer fraud. Kinder Morgan defines taxpayer fraud too narrowly.

We are instructed "[f]raud is never presumed; that is, without proof." *Parker v Solis*, 277 S.W. 714, 715 (Tex.App.—San Antonio 1925, writ dism'd); *Stephanz v. Laird,* 846 S.W.2d 895, 903 (Tex.App.—Houston [1st Dist.] 1993, writ denied)("Fraud is never presumed, and when it is alleged, the facts sustaining it must be clearly shown."). However, a presumption of fraud can be raised in certain instances. *Corpus Christi Area Teachers Credit Union v. Hernandez,* 814 S.W.2d 195, 198 (Tex.App.—San Antonio 1991, no writ)(stating an extortionate and unconscionable contract raises a presumption of fraud); *Estate of Grogan,* 595 S.W.3d 807, 817 (Tex.App.—Texarakana 2020, no pet.)(holding a presumption of fraud may be raised in fiduciary relationships, such as guardian and ward, trustees, etc.); *Cantu v. Cantu*, 556 S.W.3d 420, 427 (Tex.App.—Houston [14th Dist.] 2018, no pet.)("Fraud is presumed whenever one spouse disposes of the other spouse's one-half interest in community property without that other spouse's knowledge or consent."). Further, as we explained in *Houle v. Casillas*, 594 S.W.3d 524, 564 (Tex.App.—El Paso 2019, no pet.) fraud in Texas encompasses both actual and constructive fraud:

> Texas law recognizes two types of common law fraud claims: actual fraud and constructive fraud. *In re Estate of Kuykendall*, 206 S.W.3d 766, 770–71 (Tex.App.—Texarkana 2006, no pet.)(citing *Chien v. Chen*, 759 S.W.2d 484, 494–95 (Tex.App.—Austin 1988, no writ)). The elements of a claim for actual fraud are: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011)(citing *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009)(per curiam)); *see also Sprick v. Sprick*, 25 S.W.3d 7, 15 (Tex.App.—El Paso 1999, pet. denied)(citing *Stone v. Lawyers Title Insurance Corp.*, 554 S.W.2d 183, 185 (Tex. 1977)). A claim for actual fraud

therefore involves dishonesty of purpose or intent to deceive. *See TransPecos Banks v. Strobach*, 487 S.W.3d 722, 730 (Tex.App.—El Paso 2016, no pet.)(citing *Castleberry v. Branscum*, 721 S.W.2d 270, 273 (Tex. 1986)); *see also Sprick*, 25 S.W.3d at 15.

On the other hand, in a claim for constructive fraud, the actor's intent is irrelevant. *Kuykendall*, 206 S.W.3d at 770–71 (citing *Sprick*, 25 S.W.3d at 15); *see also Chien*, 759 S.W.2d at 495 (citing *Archer v. Griffith*, 390 S.W.2d 735 (Tex. 1965)). Instead, constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests. *Strobach*, 487 S.W.3d at 730 (citing *Castleberry*, 721 S.W.2d at 273). As this Court has recognized, constructive fraud occurs when a party violates a fiduciary duty or breaches a confidential relationship. *Holland v. Thompson*, 338 S.W.3d 586, 598 (Tex.App.—El Paso 2010, pet. denied)(citing *Texas Integrated Conveyor Systems, Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 366 (Tex.App.—Dallas 2009, pet. denied)); *see also In re Estate of Kuykendall*, 206 S.W.3d at 770–71.

It is undisputed *Beck & Masten* and *ExxonMobil* are illustrative of cases in which the taxpayer either outright committed fraud by undervaluing inventory or alleged to have committed fraud by misrepresenting oil market prices. *Beck & Masten,* 803 S.W.2d at 293; *ExxonMobil* 153 S.W.3d at 608. But *Beck & Masten* and *ExxonMobile* do not limit taxpayer fraud to actual fraud. Taxpayer fraud can be actual or constructive fraud. For actual fraud, Kinder Morgan would have made a material representation that was false; and when the representation was made, Kinder Morgan knew it was false; or made it recklessly without any knowledge of the truth and as a positive assertion; and Kinder Morgan made the representation with the intent that PCAD would act on it; and in fact PCAD acted in reliance on Kinder Morgan's representation; and PCAD and/or ISISD suffered injury. Actual fraud involves dishonesty of purpose or intent to deceive. *Archer v. Griffith*, 390 S.W.2d 735, 740 (Tex. 1964).

Constructive fraud, on the other hand, renders Kinder Morgan's intent irrelevant. Instead, constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to

14

injure public interests. *Strobach v. WesTex Community Credit Union*, 621 S.W.3d 856, 879 (Tex.App.—El Paso 2021, pet. denied) (citing *TransPecos Banks v. Strobach*, 487 S.W.3d 722, 730 (Tex.App.—El Paso 2016, no pet). Constructive fraud or legal fraud is not actual fraud. *Archer*, 390 S.W.2d at 740.

Here, ISISD alleged constructive taxpayer fraud by virtue of the erroneous undervaluation of Kinder Morgan's property interest of $4.7 billion. ISISD was not required to prove intentional misrepresentation or actual fraud, the mere showing of the alleged enormous discrepancy placed the issue of constructive fraud squarely before the ARB.

Nor is ISISD limited in the district court to the same evidence or arguments regarding taxpayer fraud it made to the ARB. "An appeal of an ARB determination to the district court is a trial *de novo*, and the district court 'shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally.'" *Willacy,* 555 S.W.3d at 50. The Texas Supreme Court has said in a trial *de novo* "a court may consider argument and evidence that are introduced afresh." *Id.; see also PR Investments & Specialty Retailers, Inc. v. State*, 251 S.W.3d 472, 476 (Tex. 2008)("A trial *de novo*, conducted 'in the same manner as other civil causes,' is not confined to the same evidence that was presented at the administrative phase."). Consequently, while a party appealing an appraisal review board decision is not permitted to raise an issue for the first time in district court, it can assert new evidence and new arguments in favor of issues it presented to the board. *Plains Marketing*, 202 S.W.3d at 475 (holding a party may not protest on one ground to the appraisal review board but assert a different ground before the district court); *Willacy*, 555 S.W.3d at 50. Therefore, ISISD can present any new evidence or arguments it has to the district court in furtherance of its claim of taxpayer fraud, including evidence of any intentional misrepresentations.

15

### *ARB Hearing Decision*

Kinder Morgan argues the ARB did not decide the merits of a taxpayer fraud claim. The transcript of the board hearing, however, shows this argument does not have merit. At the hearing, a motion was made and seconded that **"No fraud was committed."** While another ARB member suggested the motion to find no fraud be phrased "as a motion to deny the challenge" to comply with the Texas Tax Code, it is clear the ARB considered and rejected ISISD's taxpayer fraud allegation.

For the foregoing reasons, we find ISISD exhausted its administrative remedies. Simply because actual fraud was not alleged or presented here, as it was in *Beck & Masten,* does not foreclose the conclusion there was a full presentation and consideration of fraud by Kinder Morgan to the ARB. *New Laredo Hotel*, 792 S.W.2d at 954-55. A review of the transcript of the ARB hearing shows the issue of fraud was intensively litigated, considered, and rejected by the ARB. As a result, given ISISD's presentation of fraud at the administrative level, and that the undervaluation of Kinder Morgan's mineral interests is injurious to the public interest, we find ISISD exhausted its administrative remedies. Therefore, the trial court has jurisdiction over this matter and committed error in granting Kinder Morgan's plea to the jurisdiction. ISISD's first issue is sustained.

### Appeal to the District Court

Kinder Morgan argues on appeal the trial court's grant of its plea to the jurisdiction can be affirmed because ISISD failed to plead taxpayer fraud in its original petition. Kinder Morgan maintains taxpayer fraud was not pled until ISISD filed its second amended petition on November 27, 2018, which is "well in excess of 60 days after the Pecos ARB issued its order denying ISISD's challenge." Kinder Morgan also argues the trial court's order granting the plea to the jurisdiction

"must be affirmed" because ISISD did not address this issue in its opening brief on appeal, and, thus, waived any error in the trial court's order.

Regarding Kinder Morgan's waiver argument, we agree an issue not raised in an opening appellate brief is ordinarily waived. *Hutchison v. Pharris*, 158 S.W.3d 554, 564 (Tex.App.—Fort Worth 2005, no pet.). However, because Kinder Morgan fully addressed the issue of the untimeliness of ISISD's allegation of taxpayer fraud in its response brief, we may consider ISISD's responsive argument on the issue found in its reply brief. *See Hutchison*, 158 S.W.3d at 563-65 ("Ordinarily, an issue raised for the first time on appeal in a reply brief is waived. However, the parties joined issue when Murray & Massie fully argued the evidence supporting the negative finding to proximate cause in its response brief and Appellants replied. Therefore, we will consider and address the issue as properly before us.").

The Texas Tax Code requires a taxing unit to file an appeal of an appraisal review board's order "within 60 days after the party received notice that a final order had been entered." TEX.TAX CODE ANN. § 42.21(a). The ARB entered its final order on July 23, 2018, and ISISD filed its petition appealing that order on August 28, 2018; well within the sixty-day time limit. Kinder Morgan, however, argues ISISD did not assert a taxpayer fraud claim in its original petition. We disagree.

The Texas Supreme Court recently released an opinion involving Kinder Morgan and a different group of Texas taxing units. *Kinder Morgan SACROC, L.P., et al. v. Scurry County*, 622 S.W.3d 835 (Tex. 2021). Like here, the taxing units in *Scurry County* appealed an appraisal review board's decision regarding the valuation of mineral interests in Scurry County, Texas. *Id.* at 839. Indeed, ISISD and the *Scurry County* taxing units are represented by the same attorney and made nearly identical allegations in their original petitions to the respective district courts. *Id.* at 849.

17

The taxing units in both cases included an allegation in their original petitions that Kinder Morgan's mineral interests had been "omitted from appraisal" records which was followed by a citation to *Beck & Masten*. *Id.* The taxing units in *Scurry County*, like ISISD here, also alleged that Kinder Morgan's mineral interests had been omitted "*in toto* or *ab initio*." *Id.* The taxing units in both cases filed amended petitions that allege facts claiming Kinder Morgan purposefully provided inaccurate and/or incomplete information to the appraisal district in a fraudulent effort to evade payment of taxes." *Id.* at 840. The *Scurry County* court held the original petition in that case "did not plead a cause of action for reappraisal based on taxpayer fraud" that put Kinder Morgan on notice that it should file a motion to dismiss under the Texas Citizens Participation Act. *Id.* As a result, the *Scurry County* court held that the clock for Kinder Morgan to file its motion to dismiss started when the amended petition with new facts was filed. *Id.* at 850.

The adequacy of the ISISD pleading in ISISD's petition is not at issue in this appeal. The issue before us is whether the district court had subject matter jurisdiction over ISISD's case. In making that determination, we not only construe ISISD's pleadings liberally in favor of finding jurisdiction, but we also look to the pleader's intent. *Miranda*, 133 S.W.3d 217, 226-27.

Here, ISISD's intent to plead a taxpayer fraud claim is evidenced by the fact that it connects *Beck & Masten* to its allegation that Kinder Morgan's mineral interests were omitted from the Pecos County appraisal records. Further, the *Scurry County* court stated the original petition did assert a claim of omission of property and the amended petition added factual allegations to that claim: "The factual allegations of taxpayer fraud added in the second amended petition are 'new essential facts' to support the claim of 'erroneous[] and incorrect[]' omission of property asserted in the original petition." *Id.* at 848. As a result, we find ISISD's original petition asserted a valid claim for purposes of invoking the trial court's jurisdiction. Consequently, without opining on the

18

adequacy of ISISD's pleadings, we find the trial court had jurisdiction and erred in granting Kinder Morgan's plea to the jurisdiction. ISISD's first issue is sustained.

## <u>CONCLUSION</u>

For the foregoing reasons, we reverse the trial court's order dismissing ISISD's petition for lack of subject-matter jurisdiction. This matter is remanded to the trial court for further proceedings.

August 30, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.